**FILED**

MAY − 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# United States District Court
## FOR THE DISTRICT OF COLUMBIA

Robert J Welzel
Lisa L Welzel
114 W Graycrest Ave.
Collierville, TN 38017
901-861-4484

Case No.

              Plaintiff(s),

v.

United States Government

              Defendant.

CASE NUMBER  1:06CV00838

JUDGE: Reggie B. Walton

DECK TYPE: Pro se General Civil

DATE STAMP: 05/■/2006

## VERIFIED COMPLAINT, PETITION, AND CLAIM FOR DAMAGES IN THE NATURE OF A COMPLAINT, PETITION, AND CLAIM FOR DAMAGES UNDER THE AUTHORITY OF 26 U.S.C. § 7433[1]

### I
### INTRODUCTION

1.    This Honorable Court has subject matter jurisdiction of these proceedings pursuant to 26 U.S.C. §7433, and derives its rights pursuant to Article III of the Constitution of the United States and Title 28 of the United States Code, as interpreted by Nguyen v. United States, 539 U.S. 69 (2003), and by virtue of sufficient pleadings clearly setting forth the right, title and claim of the plaintiff(s). Robert J Welzel, Lisa

---

[1] Pursuant to the terms of 26 USC 7433(a) plaintiff is instructed to sue the United States (Government), The Internal Revenue Service is not a party to this action, thus service upon the IRS is not required. This is not an action requesting declaratory judgement, refund of taxes under 26 USC 7422 or an action for injunctive relief. As set forth herein, this is an action for damages because the IRS disregarded and continues to disregard certain section of the IRS Code while engaged in collection activity regarding plaintiff(s).

L Welzel plaintiff(s), is/are (a) Citizen(s) of Tennessee, a "State in this Union," (Art. IV § 4, United States Constitution), and is/are neither employed by, nor personnel of, the United States government Inc., (Art. II, United States Constitution). Defendant through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal tax beginning with "tax year" 1999 and continuing to the present willfully, recklessly, intentionally or by reason of negligence disregarded and continue to disregard provisions of Title 26 United States Code and the regulations promulgated thereunder as set forth below.

II

## JURISDICTION AND VENUE

2.    This court is empowered with subject matter jurisdiction to evaluate the pleadings of plaintiff(s) under informal, relaxed and less restrictive guidelines than ordinarily affords litigants in United States District Courts, especially *pro se* litigants.  *See* Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652.

3.    This court cannot be deprived of subject matter jurisdiction because this action is procedurally proper, places substantive fact issues before this Court via affidavit, and is brought to recover damages from defendant because defendant through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal tax willfully, recklessly, intentionally or by reason of negligence disregarded and continues to disregard provisions of Title 26

United States Code and the regulations promulgated thereunder and in doing so has, through its correspondence, articulated a very clear position in connection with the collection of federal tax which such principals, officers, agents, and/or employees of the Internal Revenue Service have demonstrated they are unwilling to reconsider;

4.  Venue is proper in the United States District Court for the District of Columbia, (26 USC §7433). The District of Columbia is the permanent seat of defendant, the United States Government, pursuant to Title 4, United States Code, § 71, 61 Stat. 643. "The Office of the Secretary" is required to be exercised in the seat of government, pursuant to Title 4, United States Code, § 72, 61 Stat. 643, and is so exercised at 1500 Pennsylvania. Ave. N.W., Washington D.C.

5.  Pursuant to Rule 12(b)(6)[2], FED.R.Civ.P., plaintiff(s) herein state(s) claims upon which relief may be granted and, therefore, *Pro Se* litigant's petition cannot be dismissed for failure to state a claim upon which relief can be granted. *See* Haines v. Kerner, 404 U.S., 92 S. Ct. 594, 30 L. Ed. 2d 652;

---

[2] Two decisions of the 9th circuit court of appeals are pertinent in their teachings and applicability here. Huff v United States, 10 F3d 1440 (9th Cir. 1993) and Mulvania v U.S. 214 BR (9th Cir 1997). Each of these 9th Cir decisions make it clear that in order to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting tax payer a summary record of assessment (form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax.

Although plaintiff(s) has/have made demand upon the Commissioner these documents have not been issued to plaintiff(s).

In addition plaintiff(s) would emphasize to the Court that the decision in Huff and Mulvania (supra) also make it abundantly clear that when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement .Absent an assessment, NO TAX EXISTS. Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment)

### III.

### STATEMENT OF FACTS

6.    Pursuant to the terms set forth in Title 26 USC §7433, Title 26 USC §7433 is

plaintiff's exclusive remedy for obtaining damages for the unlawful collection activity

conducted by defendant's agency.

7.    This Court has recognized that an exception to the exhaustion of the administrative

remedy is found where "An adverse decision can also be certain if an agency has

articulated a very clear position on the issue which it has demonstrated it would be

unwilling to reconsider." Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90,

105 (D.C. Cir. 1986) (citing Etelson v. Office of Pers. Mgmt., 684 F.2d 918, 925 (D.C. Cir.

1982).

8.    Defendants' agency has sent voluminous correspondence to plaintiff(s) in which

each and every piece of correspondence is a final agency action that articulates a very

clear position that the IRS is unwilling to reconsider [3].

9.    To show that IRS "has articulated a very clear position on an issue which it has

demonstrated it would be unwilling to reconsider", the Court's attention is respectfully

directed to IRS policy regarding return of amounts unlawfully collected. Internal Revenue

Service Policy P-5-36, published in the Internal Revenue Manual, at 1.2.1.5.9, states:

---

[3] The attached correspondence is provided solely to demonstrate that the defendants' agency has articulated a position
that is a final agency action that defendants' agency is unwilling to reconsider and for no other purpose.

"(1)    Returning money wrongfully collected: This Policy Statement has been revoked."

10.    Thus, even if IRS has collected unlawfully, and knows it, IRS Policy is to refrain from returning amounts unlawfully collected.  There can be no clearer articulation of the IRS position on returning money unlawfully collected and no clearer demonstration that IRS is unwilling to reconsider; the Policy has been revoked.

11.    This complaint, construed in the context of Service Policy P-5-36, and the attachments should be sufficient to establish that IRS "has articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider."

### *The exception is appropriate.*

12.    Plaintiff(s) has/have commenced this action within two (2) years after the date on which the right of this action accrued.

13.    The IRS has sent numerous letters to the plaintiff each alleging a different amount in dispute. Thus the amount in dispute cannot be completely and accurately ascertained at this time, but will be more fully known after the completion of discovery.

## IV

## COMPLAINT[4]

COUNT 1

    Beginning with "tax year" 1999 through and including the present year defendant,

---

[4] This listing is not inclusive.  There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

through principals, officers, agents,  and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 C.F.R. §601.702(c) by failing to answer correspondence of the plaintiff(s) within 10 days. By its silence the IRS "has articulated a very clear position on an issue which it has demonstrated it would be unwilling to reconsider"

COUNT 2

Beginning with "tax year" 1999 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, have sent plaintiff a continuing series of collection letters.  Plaintiff(s) has responded to the aforementioned collection letters requesting documentation to support the position taken in the aforementioned collection letters.  Plaintiff(s) has/have received no response to his/her/their inquires or have received frivolous responses. The aforementioned collections letters are a final agency action that articulates a very clear position that the IRS is unwilling to reconsider

COUNT 3

Beginning with "tax year" 1999 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C §6103(a) by disclosing confidential income tax

return information to persons not statutorily authorized to receive such information;

COUNT 4

Beginning with "tax year" 1999 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C §6201(a) by failing to make any assessment whatsoever of the taxes and penalties, whatsoever, for any of the aforementioned years plaintiff(s) allegedly owe(s);

COUNT 5

Beginning with "tax year" 1999 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C § 6202 by failing to make an assessment of the taxes and penalties, whatsoever, for any of the aforementioned years plaintiff(s) allegedly owe(s), within the time and mode set forth by the secretary;

COUNT 6

Beginning with "tax year" 1999 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C §6501(a) by neglecting to assess taxes owed

within three years;

COUNT 7

Beginning with "tax year" 1999 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6203 by failing to record an assessment of the taxes and penalties, whatsoever, for any of the aforementioned years plaintiff(s) allegedly owe(s);

COUNT 8

Beginning with "tax year" 1999 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6203 by failing to furnish plaintiff(s) copies of the records of assessment (forms 23C) of taxes and penalties for any of the aforementioned years upon plaintiff(s) request (there is no statutory authority to substitute any other form for a form 23c). Plaintiff(s) has/have requested copies of all of the aforementioned assessment records for all of the aforementioned years. Plaintiff(s) has/have not received any response of any kind;

COUNT 9

Beginning with "tax year" 1999 through and including the present year defendant,

through principals, officers, agents,  and/or employees of the Internal Revenue Service,
in connection with the collection of federal income tax willfully, recklessly, intentionally, or
by reason of negligence disregarded 26 U.S.C. §7214(a) by attempting and continuing to
attempt to collect sums greater than appear on [the non-existing] records of assessment
of taxes and penalties for any of the aforementioned years ;

COUNT 10

Beginning with "tax year" 1999 through and including the present year defendant,
through principals, officers, agents, and/or employees of the Internal Revenue Service, in
connection with the collection of federal income tax willfully, recklessly, intentionally, or by
reason of negligence disregarded 26 U.S.C. §6402 by failing to return all unlawfully
collected taxes to plaintiff(s)upon plaintiff(s) written request to the United States Treasurer;

COUNT 11

Beginning with "tax year" 1999 through and including the present year defendant,
through principals, officers, agents, and/or employees of the Internal Revenue Service, in
connection with the collection of federal income tax willfully, recklessly, intentionally, or by
reason of negligence disregarded 26 U.S.C.  §6212 by failing to send plaintiff(s) a notice
of deficiency (90 day letter) for each of the aforementioned years;

COUNT 12

Beginning with "tax year" 1999 through and including the present year defendant,
through principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6213(a) by failing to notice plaintiff(s) of the last date on which plaintiff(s) could file a petition to the Tax Court for each of the aforementioned years;

COUNT 13

Beginning with "tax year" 1999 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6320 by failing to notify plaintiff(s) of the filing of a notice of lien for each of the aforementioned years;

COUNT 14

Beginning with "tax year" 1999 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6321 by filing an invalid and unlawful Notice of Tax Lien against plaintiff(s) for each of the aforementioned years;

COUNT 15

Beginning with "tax year" 1999 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by

reason of negligence disregarded 26 U.S.C. §6325 by failing to release the aforementioned

lien(s) when it became obvious that said lien(s) was/were invalid and unlawful;

COUNT 16

Beginning with "tax year" 1999 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal income tax willfully, recklessly, intentionally, or by

reason of negligence disregarded 26 U.S.C. §6404(g) by failing to suspend interest and

penalties for reason that defendant has not specifically stated the amount of, and the basis

for the liability defendant says plaintiff(s) owe(s) for each of the aforementioned years;

COUNT 17

Beginning with "tax year" 1999 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal income tax willfully, recklessly, intentionally, or by

reason of negligence disregarded 26 U.S.C. §6751(a) by failing to include in each notice

imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the

penalty, and (3) an actual computation of the penalty;

COUNT 18

Beginning with "tax year" 1999 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal income tax willfully, recklessly, intentionally, or by

reason of negligence disregarded 26 U.S.C. §6751(b)(1) by failing to verify that a supervisor had personally approved, in writing, each initial penalty determination;

COUNT 19

Beginning with "tax year" 1999 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §7491(c) by refusing to produce any evidence with respect to the imposition of each penalty and additions;

COUNT 20

Beginning with "tax year" 1999 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §7602(a) by conducting a presumed financial status audit for each of the aforementioned years;

COUNT 21

Beginning with "tax year" 1999 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §7491(b) by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated

taxpayers for each of the aforementioned years;

COUNT 22

Beginning with "tax year" 1999 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6331(a) by failing to send plaintiff(s) a ten (10) demand for payment before issuing a levy for each of the aforementioned years;

COUNT 23

Beginning with "tax year" 1999 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6331(d)(1)(2) by failing to send the plaintiff(s) a thirty (30) day notice for each of the aforementioned years;

COUNT 24

Beginning with "tax year" 1999 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6159 by abrogating plaintiff(s) guaranteed availability of an installment agreement;

COUNT 25

Beginning with "tax year" 1999 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded by failing to comply with the Federal Records Act, 44 USC § 3101, the National Archives Act, 44 USC § 3106, and federal regulations, at 36 CFR Part 1222, which requires the IRS to make and preserve records containing adequate and proper documentation of, the organization of the agency; the functions of the agency; the policies of the agency; the decisions of the agency; the procedures of the agency; and the essential transactions of the agency. This failure is supported by the GAO audit reports for the years 1993 through and including 2005. Plaintiff(s) provide an extraction from the aforementioned GAO audit reports in support of this claim: The following extractions from the GAO audit reports for the years 1993 through and including 2003 establish that without exception: IRS records are generally unreliable, the IRS cannot generate a file or listing of detailed transactions such as assessments, collections, abatements, refunds, and interest recorded; IRS permits employees to make unauthorized access and modifications to taxpayer information; IRS cannot retrieve the detailed information needed to summarize individual types of transactions, such as penalties or interest, or support the information included in IRS' reports; IRS cannot ensure that (1) manual entries are appropriate and authorized and (2) any keying errors associated with manually inputted entries are detected; IRS' systems

do not routinely produce reliable information about valid and collectible accounts receivable; IRS' automated records contain errors and IRS does not record tax assessments, payments and other activities; IRS controls over cash, checks and related hard copy taxpayer data it receives from taxpayers do not sufficiently limit the risk of theft, loss, or misuse of such funds and data; many assessments were erroneous; IRS stated that it generally agreed with the findings and conclusions in the reports.

V
Legal Authority

1.    Section 7433 of the Internal Revenue Code provides "taxpayers" with a cause of action for damages against the United States when in connection with the collection of any federal tax where IRS principals, officers, agents, , and/or employees willfully, recklessly, intentionally or by reason of negligence disregard any provision of Title 26 United States Code and the regulations promulgated thereunder.

2.    Before sums deposited in respect of a "presumed taxpayer" can be converted to use by the United States Treasury, the "taxpayer" must be assessed. The term "assessment" has a technical meaning binding on a court and on the government. United States v. Miller, 318 F.2d 637, (7th Cir. 1963); See also Davis v Strople (Fla) 39 So 2d 468; People ex rel. Mayfield v Springfield, 16 Ill 2d 609, 158 NE2d 582;, 77 Ohio St 311, 83 NE 392; Morissette v United States, 342 US 246; 96 L.Ed. 288; 72 S. St 240; Case v Los Angeles Lumber Products Co. 308 US 106, 84 L Ed 110, 60 S Ct 1, reh den 308 US 637, 84 L Ed 529, 60 S Ct 258.

3.    The assessment process regarding federal income taxes is a matter controlled by

statutes and regulation; **IT IS NOT POSSIBLE FOR A "TAXPAYER" TO MAKE AN**

**ASSESSMENT**. 26 C.F.R. §§ 301.6201-1 and 301.6203-1; <u>Girard Trust Bank v.</u>

<u>United States</u>, 643 F.2d 725 (Ct.Cl. 1981).

4.    The *Internal Revenue Code* articulates clearly what an "assessment" is and the *Code*

clearly defines the form which is to be completed for an assessment. In the 1954 and

1986 Internal Revenue Codes, § 6201(a) authorizes the Secretary of the Treasury to

make assessments.

5.    The method of recording an administrative act such as an assessment is governed

by § 6203, which provides:

> The assessment shall be made by recording the liability of the taxpayer
> in the office of the Secretary in accordance with rules or regulations
> prescribed by the Secretary. <u>Upon request of the taxpayer</u>, the
> Secretary shall furnish the taxpayer a copy of the record of assessment
> (emphasis added).

6    "The term 'Secretary' means the Secretary of the Treasury or his delegate." 26 U.S.C.

§ 7701(a)(11)(B).

7.    The specific tax regulation concerning the assessment process is 26 C.F.R. §

301.6203-1 which reads in pertinent part:

> [T]he director of the regional service center shall appoint one or more
> assessment officers. The assessment shall be made by an assessment
> officer signing the summary record of the assessment. The summary
> record, through supporting records, shall provide identification of the
> taxpayer, the character of the liability assessed, the taxable period, if

applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record. *See* United States v. Coson, 286 F.2d 453 (9th Cir. 1961); Kurio v. United States, 281 F. Supp. 252 (D.C.Tex. 1968); Heck v. Walters, 523 F.2d 23 (C.A. Cal. 1975); United States v. Taylor, 305 F.2d 183 (4th Cir.), *cert. denied*, 371 U.S. 894 (1962).

There can be no dispute that the assessment list is the supporting record and is absolutely essential before an assessment can be made. The regulation references a signed document and is consistent with the supporting statute which provides that the taxpayer is entitled to a copy reference to which implies that a hard copy exists.

8. By the Internal Revenue Service's own admission in its IR Manual [5312(1), MT 5300-1 (11-15-85)], the assessment lists support the assessment certificate:

> The foregoing statement from the IR Manual is a party admission that an assessment list must exist. *See* United States v. Van Griffin, 874 F.2d 634, 638 (9th Cir. 1989) (Government manuals are admissible as party admissions under Fed.R.Evid. 801(d)(2)(D)).

9. In addition to the above IRM provision which proves that Form 23-C is the assessment form, established decisional authority also reveals that a tax assessment is made upon Form 23-C. For example, in Meyersdale Fuel Co. v. United States, 44 F.2d 437, 443 (Ct.Cl. 1930), Form 23-C is mentioned: When the Commissioner of Internal Revenue makes an assessment of taxes, he signs a list entitled

"Commissioner's assessment list" on Form 23C-1.

10.    In <u>Brafman v. United States</u>, 384 F.2d 863 (5th Cir. 1967), the procedure for the execution of a tax assessment on a Form 23-C was articulated.  In *Brafman*, the government sought to attach liability for unpaid estate taxes to an heir of that estate under a transferee liability theory.  But, Mrs. Brafman argued that she was not so liable because the assessment certificate relevant in that case was unsigned.  In agreeing with that argument and holding the certificate at issue void, the court stated:

> The assessment certificate involved in this case, a photostated [sic] copy of which is in the record, is not signed by an assessment officer or by any other official ... Since the certificate lacks the requisite signature, it cannot constitute a valid assessment. Id. at 865-66.

> Even the instructions on the reverse side of the assessment certificate, Form 23-C, specify that the original form "is to be transmitted to the District Director for signature, after which it will be returned to the Accounting Branch for permanent filing." Id. at 866.

> What is important in any case is that the assessment is not automatic upon recordation; **it requires the action of an assessment officer**. That action, as defined explicitly in the Treasury Regulations, is the signing of the certificate. Id. at 867. *See also* <u>Stallard v. United States</u>, 806 F.Supp. 152, 158 (W.D.Tex. 1992) (Defendant submitted a "Form 23C," which it asserts is a summary record of assessment.) *See also* <u>Robinson v. United States</u>, 920 F.2d 1157 (3rd Cir. 1990).

11.    Merely demanding payment for a tax, even repeatedly, does not cause liability. <u>Bothke v. Fluor Engineers and Constructors, Inc.</u>, 713 F.2d 1405 (1983).

12.    Several cases disclose the type of information which must be contained on a Form 23-C tax assessment record and its supporting list.  For example, in <u>Ianelli v. Long</u>,

329 F.Supp. 1241, 1242 (W.D.Pa. 1971), the description of the various data is as

follows:

> The procedure for assessment provides, inter alia, that the assessment
> officer shall sign the summary record of assessments made against any
> tax payer, that said action, through supporting records, shall provide
> identification of the tax payer, the character of the liability assessed, the
> taxable period as applicable, and the amount of the assessment. The
> date of the assessment is the date the summary record is signed by an
> assessment officer. 26 U.S.C.A. § 301.6203-1, Code of Federal
> Regulations. **Since this procedure was not followed, in this case,**
> **therefore, the assessment is void and the executions based**
> **thereon are invalid** (emphasis added). In <u>Planned Investments, Inc.</u>
> <u>v. United States</u>, 881 F.2d 340, 343 (6th Cir. 1989), the court examined
> the requirements of 26 C.F.R. § 301.6203-1 and concluded:
> Section 6203 of Subchapter A provides that assessment be made by
> recording the liability in accordance with the regulations promulgated by
> the Secretary. 26 U.S.C. § 6203 ... Treasury regulations provide that
> the assessment be made by signing the summary record of
> assessment. 26 C.F.R. § 301.6203-1. The summary record, through
> supporting documents, must contain the following:
> (1)    identification of the taxpayer;
> (2)    character of liability assessed;
> (3)    taxable period, if applicable; and
> (4)    amount of assessment.
> Finally, the court in <u>Robinson v. United States</u>, 920 F.2d 1157, 1158
> (3rd Cir. 1990), described the assessment process as:
> A duly designated official for the district or regional tax center signs the
> summary record of the assessment, which identifies the taxpayers, the
> type of tax owed, the taxable period and the amount of the assessment.
> 26 U.S.C. § 6203; Treas. Reg. § 301.6203-1. See also <u>Essex v. Vinal</u>,
> 499 F.2d 265, 230 (8th Cir. 1974).

13.    There is no statutory authority for the IRS to substitute any other form or document

for the required form 23-C (Summary Record of Assessment).

14.    Two decisions of the 9th circuit court of appeals are pertinent in their teachings and

applicability here. <u>Huff v United States</u>, 10 F3d 1440 (9th Cir. 1993) and <u>Mulvania v U.S.</u> 214 BR (9th Cir 1997). Each of these 9th Cir decisions make it clear that in order to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting tax payer a summary record of assessment (form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax.

Although plaintiff(s) has/have made demand upon the Commissioner (copy attached) these documents have not been issued to plaintiff(s).

In addition plaintiff(s) would emphasize to the Court that the decision in Huff and Mulvania (supra) also make it abundantly clear that when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement. **ABSENT AN ASSESSMENT, NO TAX EXISTS**. <u>Rosenman v. Commissioner</u>, 323 US 658 (1945) (a tax does not exist absent an assessment) Absent an assessment, NO TAX EXISTS. <u>Rosenman v. Commissioner</u>, 323 US 658 (1945) (a tax does not exist absent an assessment), <u>Ridinsky v. United States</u>, 622 F. Supp. 331 (1985); <u>Estate of M. Karl Goetz v. United States</u>, 286 F.Supp. 128; <u>In re</u> Western Trading Co., 340 F.Supp. 1130 (D.Nev. 1972). **The absence of the requisite documents proves, as an**

**adjudicative fact, that there has been no assessment and, consequently, no tax exists and no tax collection activities may be pursued.** (Mandatory Judicial Notice FED.R.EVID. ).

15. It is well established that anyone who deals with the government assumes the risk that the agent acting in the government's behalf has exceeded the bounds of his authority. Bollow v. Federal Reserve Bank of San Francisco, 650 F.2d 1093 (9th Cir. 1981); Lavin v. Marsh, 644 F.2d 1378 (9th Cir. 1981): Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1 (1947); Government of the Virgin Islands v. Gordon, 244 F.2d 818 (3rd Cir. 1957). However, public officers are but agents whose authority is defined and limited by law. Their acts beyond their lawful powers are ineffectual to bind the public, which they represent, and their neglect and laches can seldom affect public rights. Hale County, Texas v. American Indemnity Co, 63 F.2d 275 (5th Cir. 1933); Board of Comm. of Peace Officers Annuity and Benefit Fund v. Clay, 214 Ga. 70, 102 S.E.2d 575, (1958); Pierce v. United States, 7 Wall. (74 U.S. 666, 673 (1868); Federal Trade Commission v. Raladam Co., 283 U.S. 643, 51 S.Ct. 587 (1931); United States v. Forster, 131 F.2d 3 (8thCir. 1942). The acts of federal agents — committed without delegated authority — are also held void in Cudahy Packing Co. v. Holland, 314 U.S. 357, 62 S.Ct. 651 (1942); United States v. Giordano, 416 U.S. 505, 94 S.Ct. 1820 (1974); United States v. Pees, 645 F.Supp. 687 (D.Col. 1986); United States v. Hovey, 674 F.Supp. 161 (D.Del. 1987); United States v. Spain, 825 F.2d 1426 (10th

Cir. 1987); <u>United States v. Emerson</u>, 846 F.2d 541 (9th Cir. 1988); <u>United States v. McLaughlin</u>, 851 F.2d 283 (9th Cir. 1988); and <u>United States v. Widdowson</u>, 916 F.2d 587, 589 (10th Cir. 1990).

16.     Plaintiff(s) exclusive remedy is found under 26 U.S.C. § 7433. <u>Schipper v. United States</u> (E.D.N.Y. 1995); <u>Barron v. United States</u> (D.C.N.H. 1998); <u>Valladares v. IRS</u> (E.D.Cal. 2001); <u>Gille v. United States</u>, 838 F.Supp. 521 (N.D.Okla. 1993); <u>Information Resources, Inc. v. United States</u>, 950 F.2d 1122, ( 5th Cir. 1992).

17.     Administrative claims which plaintiff(s) filed with the Internal Revenue Service and the Secretary of the Treasury work to satisfy the requirement that a "taxpayer" must exhaust administrative remedies before bringing suit for disregarding provisions of Title 26 United States Code and its regulations in connection with collection activities. Even assuming some minor defect in plaintiff(s) administrative claim, requiring plaintiff(s) to comply with obsolete regulations or to again pursue administrative remedies would amount to nothing more than futile reexhaustion. <u>Hurt v. United States</u>, 914 F. Supp. 1346, (S.D.W.Va. 1996).

18.     The penalties for disclosure of confidential information by an officer or employee of the United States or of any department or agency thereof are prescribed in 18 U.S.C. § 1905. In <u>United States v. Lee</u>, 106 U.S. 196, 1 S.Ct. 240 (1882), the Court held:

> No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it. It is the only supreme power in our system of

government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes upon the exercise of the authority which it gives.

## VI

## CONCLUSION

19.     As pointed out in ¶14(legal Authorities) **ABSENT AN ASSESSMENT, NO TAX EXISTS**. In the instant matter no forms 23C exist, therefore no assessment exists for any year relevant to this matter.   Therefore, no collection activity against plaintiff(s) may be pursued.   Thus, all collection activity pursued against plaintiff(s) for the aforementioned years constitutes unlawful collection activity and a disregard of the provisions of Title 26 U.S.C. and its regulations.

20.     As pointed out in ¶5 (legal authorities) when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement.

21.     As pointed out in ¶¶ 5 through 9 (statement of facts) defendants' agency has sent voluminous correspondence to plaintiff(s) in which each and every piece of correspondence articulates a very clear position on the issues contained therein which the IRS is unwilling to reconsider.

22.     As a direct and proximate result of the reprehensible, egregious, and vexatious conduct and the wanton disregarding of provisions of Title 26 United States Code and

the regulations promulgated there-under by defendant's principals, officers, agents, and/or employees of the Internal Revenue Service in connection with the collection of federal income tax plaintiff(s) has/have suffered one or more of the following:  (1) substantial personal embarrassment, (2) loss of income, (3) loss of goodwill, (4) loss of business, (5) loss of property, (6) loss of savings, etc., resulting in actual damages, the extent of which at this time cannot be completely and accurately ascertained, but which will be more fully known after a determination, by the court, that the defendant's principals, officers, agents, and/or employees of the Internal Revenue Service in connection with the collection of federal tax from the plaintiff(s), willfully, recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

23.     Such reprehensible, egregious, and vexatious conduct and the wanton disregarding of the provisions of Title 26 United States Code and the regulations promulgated thereunder by defendant's principals, officers, agents, and/or employees of the Internal Revenue Service in connection with the collection of federal tax entitles plaintiff(s) to punitive damages the extent of which at this time cannot be completely and accurately ascertained, but which will be known more fully known after a determination, by the court, that the defendant's principals, officers, agents,  and/or employees of the Internal Revenue Service in connection with the collection of federal tax from the plaintiff(s), willfully, recklessly, intentionally or by reason of negligence, disregarded

any provision of Title 26 United States Code and/or any regulation promulgated under

Title 26 United States Code.

24.    Section 6103(e)(1)(A)(1) of the Internal Revenue Code, <u>Title 26, United States Code,</u>

§ 6103(e)(1)(A)(1), grants a statutory right to access one's own tax records.

25.    Federal tax regulation 301.6103-1(c), <u>Title 26, Code of Federal Regulations, §</u>

<u>301.6103-1(c)</u>, reiterates defendants' statutory obligation.

26.    The Federal Records Act, <u>44 USC § 3101</u>, the National Archives Act, <u>44 USC § 3106</u>,

and federal regulations, at <u>36 CFR Part 1222</u>, also require the IRS to provide records

to plaintiff(s) upon request.

27    Section 7433(a) of the Internal Revenue Code, *Vol 68A, Stat 3, § 7433(a)*, <u>Title 26,</u>
<u>United States Code § 7433(a)</u>, states:

"If, in connection with any collection of Federal tax with respect to a taxpayer,
any officer or employee of the Internal Revenue Service recklessly or
intentionally, or by reason of negligence, disregards any provision of this title,
or any regulation promulgated under this title, such taxpayer may bring a civil
action for damages against the United States in a district court of the United
States. Except as provided in section 7432, such civil action shall be the
exclusive remedy for recovering damages resulting from such actions.

28.    Federal tax regulation 301.7433-1(a), Title 26, Code of Federal Regulations,
§301.7433-1(a), reiterates,

"If, in connection with the collection of a federal tax with respect to a taxpayer,
an officer or an employee of the Internal Revenue Service recklessly or
intentionally[5] disregards any provision of the Internal Revenue Code or any
regulation promulgated under the Internal Revenue Code, such taxpayer may

---

[5] The July, 2002 edition of RIA Federal Tax Regulations includes the note: "Caution: The Treasury has not yet amended Reg
§301.7433-1 to reflect changes made by P.L. 105-206, P.L. 104-168," reflecting the addition of negligence as a basis for disregard
of provision of <u>Title 26, United States Code,</u>, or any regulation promulgated under <u>Title 26, United States Code,</u>

bring a civil action for damages against the United States in federal district court."

## REMEDY SOUGHT

29. Determination that the defendant's principals, officers, agents, and/or employees of the Internal Revenue Service in connection with the collection of federal tax from the plaintiff(s), willfully, recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

30. Upon a determination that the defendant's principals, officers, agents, and/or employees of the Internal Revenue Service in connection with the collection of federal tax from the plaintiff(s), willfully, recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code plaintiff(s) seek(s) an ORDER:

A. directing defendants to pay damages in accordance with section 7433; and,

B. directing defendants to pay such other and further damages as the court deems just and proper;

C. all to amend the reprehensible, egregious, and vexatious behavior of the defendants' principals, officers, agents, and/or employees.

Dated: **29 April**_____, 2006

Robert J Welzel

Lisa L Welzel

### Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Tennessee, personally appeared, Robert J Welzel, Lisa L Welzel known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

Notary, State of Tennessee

My Commission Expires Mar. 11, 2007

# A F F I D A V I T

Affiant, Robert J Welzel, Lisa L Welzel is of lawful age and competent to testify, after having been duly sworn, state as follows based upon affiant's own personal knowledge:

1.  It is not now, nor has it ever been, affiant's intent to avoid paying any tax that affiant is legally liable to pay or that affiant lawfully owes.

2.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6201(a) by making an assessment of the taxes affiant allegedly owes;

3.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6202 by making an assessment of the taxes affiant allegedly owes within the time and mode set forth by the secretary;

4.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by  recording an assessment of the taxes affiant allegedly owes;

5.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by furnishing affiant copies of records of assessment upon affiants request;

6.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §7214(a) by not attempting and continuing to attempt to collect sums greater than appear on records of assessment;

7.  Affiant is not in possession of any document which verifies that affiant owes a "tax" to the United States Treasury.

8.  Affiant is not in possession of any document which verifies that the defendant has complied with all collection procedures required by the IRS Code and its regulations.

9.  Affiant is not in possession of any document which identifies the authority of the IRS to substitute any other document or form for a Form 23-C (Summary Record of Assessment).

10.  Affiant is not in possession of any document which establishes that defendants' agency is willing to reconsider the position it has taken in the voluminous

**FILED**

06 0838

MAY – 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

correspondence affiant has received from defendant's agency.

11.    Affiant has commenced this action within two (2) years after the date on which the right of this action accrued.

12     Affiant believes there is no possible way that the United States can answer any of the claims made in this pleading.

Dated:    _29 APRIL_____, 2006

_____
Robert J Welzel

_____
Lisa L Welzel

## Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Tennessee, personally appeared, Robert J Welzel, Lisa L Welzel known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Tennessee

My Commission Expires Mar. 11, 2007

Robert J Welzel
Lisa L Welzel
114 W Graycrest Ave.
Collierville, TN 38017

Tax ID #: 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, 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 (For information only)

**Department of the Treasury**
Internal Revenue Service
Mr. Mark W. Everson, Commissioner et al.
1111 Constitution Ave. NW, Room 3000
Washington, D.C. 20224

Dear Mr. Everson:

I/we am/are in receipt of the attached suspicious document(s). This/these paper(s) does/do not bear a signature and is/are not accompanied by valid documentation. I/we have no means to evaluate its/their integrity.

I/we object to those under your supervision sending me/us threatening letters without clear identification of who sent the letter(s) and their authority to do. Thus, I/we am/are unable to determine whether the threatening letter(s) is/are a fraud.

As you are aware the Federal Records Act, 44 USC § 3101, and the National Archives Act, 44 USC § 3106, and federal regulations, at 36 CFR Part 1222, requires you as the head of a Federal agency, to make and preserve records containing adequate and proper documentation of, the organization of the agency; the functions of the agency; the policies of the agency; the decisions of the agency; the procedures of the agency; and the essential transactions of the agency.

I have reviewed all of the GAO audit reports for the years 1993 through and including 2003. I provide you with some extractions from the aforementioned GAO Reports. I have found that the IRS records are generally unreliable, the IRS cannot generate a file or listing of detailed transactions such as assessments, collections, abatements, refunds, and interest recorded; IRS permits employees to make unauthorized access and modifications to taxpayer information; IRS cannot retrieve the detailed information needed to summarize individual types of transactions, such as penalties or interest, or support the information included in IRS' reports; IRS cannot ensure that (1) manual entries are appropriate and authorized and (2) any keying errors associated with manually input entries are detected; IRS' systems do not routinely produce reliable information about valid and collectible accounts receivable; IRS' automated records contain errors and IRS does not record tax assessments, payments and other activities; IRS controls over cash, checks and related hard copy taxpayer data it receives from taxpayers do not sufficiently limit the risk of theft, loss, or misuse of such funds and data; many assessments were erroneous; IRS stated that it generally agreed with the findings and conclusions in the reports.

Pursuant to the requirements of 26, U.S.C. §6203, Federal Records Act, 44 USC § 3101, the National Archives Act, 44 USC § 3106, and federal regulations, at 36 CFR Part 1222, I/we demand that you send me/us (a) certificate(s) of assessment for each year identified in the letter(s) and evidence of their accuracy. As you are aware IRC §6201 requires that before a tax is due it must be assessed. It appears that in my/our case there is/are no assessment(s) for the year(s) set

**FILED**

06 0838

MAY – 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

forth in the attached correspondence. It also appears that pursuant to the above GAO Audit report that the numbers shown on the attached letters is/are inaccurate, untimely, and not meaningful.

Two decisions of the 9th circuit court of appeals are pertinent in their teachings and applicability here. Huff v United States, 10 F3d 1440 (9th Cir. 1993) and Mulvania v U.S. 214 BR (9th Cir 1997). Each of these 9th Cir decisions make it clear that in order to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting tax payer a summary record of assessment (form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax. Absent an assessment, NO TAX EXISTS. Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment)

If I/we do not hear from you within 30 days from your receipt of this letter disputing a tax obligation for the years in question I/we will reasonably conclude that you have failed to keep proper records, failed to properly discharge your duty, there is/are no assessment(s) for the year(s) referenced, that the request(s) is/are fraudulent, that your employees are engaged in felony extortion by collecting more tax than is shown on the certificate(s) of assessments, and shall expect your internal investigation to determine who violated laws by sending threatening letters.

Additionally, because you have previously failed and/or refused to provide me/us evidence that (a) valid assessment(s) exist(s) I/we have sued your employer (United States) under the provisions of 26 USC §7433, a copy of the first page is attached. Should your employees continue with collection activities I/we will seek an order to show cause against you for allowing your employees to continue to disregard any section of Title 26 and its regulations by collecting and attempting to collect more tax than is shown on the non-existent certificates of assessment.

Thank you in advance for respecting my right to dispute an alleged tax obligation.

As always I am —


Robert J Welzel
Dated _____, 2006

CC: Department of Treasury
        Internal Revenue Service
        Stop 5501 AUSC
        Austin TX 73301-0030

Letter to Commissioner

Robert J Welzel
Lisa L Welzel
114 W Graycrest Ave.
Collierville, TN 38017
Tax ID #: 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,45 3-231 215 (For information only)

Certified Mail#_____

**Department of the Treasury**
Internal Revenue Service
Mr. Mark W. EversonCo mmissioner et al.
1111 Constitution Ave. NW, Room 3000
Washington, D.C. 20224

**Re: Inquiry of tax obligation owed by Robe t J Welzel, Lisa L Welzel Citizen.**

Dear Mr. Everson:

I/We have received voluminous amounts of correspondence from your agency. This correspondence has come from campuses nation wide alleging that I/we owe a tax to the United States Treasury. I/We have attempted in vain to obtain verification of the alleged amount your agency claims that I/we owe. As of this date I/we have not received any verification, for example certificate of assessonts. It appears from the correspondence that we have received that your agency is not willing to verify the debt and/or willing to reconsider the position take in the various correspondence that I/we have received.

Pursuant to the requirements of 26, U.S.C. §6203, I/we demand that you send me/us certificate(s) of assessment for each year beginning with 2000 year through and including the present year and evidence of their accuracy. IRC §6201requires that before a tax is due it must be assessed. Your failure to respond will be evidence that in my/our case there is/are no assessment(s) for the aforementioned years.

The Federal Records Act, 44 USC § 3101, and the National Archives Act, 44 USC § 3106, and federal regulations, at 36 CFR Part 1222, requires you, as the head of a Federal agency, to make and preserve records containing adequate and proper documentation of, the organization of the agency; the functions of the agency; the policies of the agency; the decisions of the agency; the procedures of the agency; and the essential transactions of the agency.

The following extractions from the GAO audit reports for the years 1993 through and including 2003 establish IRS records are generally unreliable, the IRS cannot generate a file or listing of the detailed transaction such as assessments, collections, abatements, refunds, and interest recorded; IRS permits employees to make unauthorized access and modifications to taxpayer information; IRS cannot retrieve the detailed information needed to summarize individual types of transactions, such as penalties or interest, or support the information included in IRS' reports; IRS cannot ensure that (1) manual entries are appropriate and authorized and (2) any keying errors associated with manually input entries are detected; IRS' systems do not routinely produce reliable information about valid and collectible accounts receivable; IRS' automated records contain errors and IRS does not record tax assessments, payments and other activities; IRS controls over cash, checks and related hard copy taxpayer data it receives from taxpayers do not sufficiently limit the risk of theft, loss, or misuse of such funds and data; many assessments were erroneous; IRS stated that it generally agreed with the findings and conclusions in the reports.

Pursuant to the foregoing I challenge the accuracy of all IRS records regarding me/us.

Two decisions of the 9th circuit court of appeals are pertinent in their teachings and applicability here. Huff v United States, 10 F3d 1440 (9th Cir. 1993) and Mulvania v U.S. 214 BR (9th Cir 1997). Each of these 9th Cir decisions make it clear that in order to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting tax payer a summary record of assessment (form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax. Absent an assessment, NO TAX EXISTS. Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment)

If I/we do not hear from you within 30 days from your receipt of this letter disputing a tax obligation for the years in question I/we will reasonably conclude that you are not willing to reconsider the position your agency has taken, have failed to keep proper records, failed to properly discharge your duty, there is/are no assessment(s) for the year(s) referenced, that the request(s) is/are fraudulent, that your employees are engaged in felony extortion by collecting more tax than is shown on the certificate(s) of assessment(s), and shall expect your internal investigation to determine who violated laws by sending me/us threatening letters.

Thank you in advance for respecting my right to dispute an alleged tax obligation.

As always I am,


Robert J Welzel
Dated _____, 2006

**IRS** Department of the Treasury
Internal Revenue Service

MEMPHIS  TN  37501-0025

In reply refer to:  0342204890
Sep. 22, 2004  LTR 3175C
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  199912 30 000    0
                                    07505
                          BODC: SB

ROBERT J WELZEL
114 W GRAYCREST AVE
COLLIERVILLE  TN  38017-3568144

Dear Taxpayer:

    This is in reply to your correspondence dated Aug. 17, 2004.

    We have determined that the arguments you raised are frivolous and
have no basis in law.  Federal courts have consistently ruled against
such arguments and imposed significant fines for taking such frivolous
positions.

    You can obtain IRS Publication 2105, Why do I Have to Pay Taxes?,
from our internet website at www.irs.gov/pub/irs-pdf/p2105.pdf.  We
also refer you to a document entitled The Truth About Frivolous Tax
Arguments.  It is also on our website at www.irs.gov/pub/irs-utl/
friv_tax.pdf.  If you do not have internet access, you can obtain
copies of these documents from your local IRS office.

    There are some people who encourage others to violate our nation's
tax laws by arguing that there is no legal requirement for them to
file income tax returns or pay income taxes.  These people base their
arguments on legal statements taken out of context and on frivolous
arguments that have been repeatedly rejected by federal courts.
People who rely on this kind of information can ultimately pay more in
taxes, interest and penalties than they would have paid simply by
filing correct tax returns.

    People who violate the tax laws also may be subject to federal
criminal prosecution and imprisonment.  Information about the IRS's
criminal enforcement program is available on the internet at
www.irs.gov.  Once there, enter the IRS keyword: fraud.

    The IRS is working with the United States Department of Justice
and state taxing authorities to ensure that all taxpayers pay their
lawful share of taxes and to seek criminal indictments or civil
enforcement actions against people who promote or join in abusive and
fraudulent tax schemes.

    The claims presented in your correspondence do not relieve you
from your legal responsibilities to file federal tax returns and pay
taxes.  We urge you to honor those legal duties.

    If you persist in sending frivolous correspondence, we will not
continue to respond to it.  Our lack of response to further

0342204890
Sep. 22, 2004  LTR 3175C
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  199912 30 000    0
07506

ROBERT J WELZEL
114 W GRAYCREST AVE
COLLIERVILLE  TN  38017-3568144

correspondence does not in any way convey agreement or acceptance of
the arguments advanced.  If you desire to comply with the law
concerning your tax liability, you are encouraged to seek advice from
a reputable tax practitioner or attorney.

    This letter advises you of the legal requirements for filing and
paying federal individual income tax returns and informs you of the
potential consequences of the position you have taken.  Please observe
that the Internal Revenue Code sections listed below expressly
authorize IRS employees that act on behalf of the Secretary of the
Treasury to: 1.)examine taxpayer books, papers, records, or other data
which may be relevant or material; 2.) issue summonses in order to
gain possession of records so that determinations can be made of the
tax liability or for ascertaining the correctness of any return filed
by that person; and 3.) collect any such liability.

General Information on Filing Requirements and Authority to Collect
Tax

     Title 26, United States Code
         Section 6001  Notice or regulations requiring records,
         statements, and special returns
         Section 6011  General requirement of return, statement, or list
         Section 6012  Persons required to make returns of income
         Section 6109  Identifying numbers
         Section 6151  Time and place for paying tax shown on returns
         Section 6301  Collection Authority
         Section 6321  Lien for taxes
         Section 6331  Levy and distraint
         Section 7602  Examination of books and witnesses

INTERNAL REVENUE CODE SECTION 6702 (FRIVOLOUS INCOME TAX RETURN)
PROVIDES:

CIVIL PENALTY - If -
     (1)  any individual files what purports to be a return of the tax
          imposed by subtitle A but which -
              (A)  does not contain information on which the substantial
                   correctness of the self-assessment may be judged, or
              (B)  contains information that on its face indicates that
                   the self-assessment is substantially incorrect; and
     (2)  the conduct referred to in paragraph (1) is due to -
              (A)  a position which is frivolous, or
              (B)  a desire (which appears on the purported return) to
                   delay or impede the administration of Federal income
                   tax laws, then such individuals shall pay a penalty

```
                                                        0342204890
                                    Sep. 22, 2004  LTR 3175C
                                    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  199912 30 000    0
                                                           07507
```

ROBERT J WELZEL
114 W GRAYCREST AVE
COLLIERVILLE  TN  38017-3568144


                    of $500.00

PENALTY IN ADDITION TO OTHER PENALTIES - The penalty imposed by
subsection (a) shall be in addition to any other penalty provided
by law.

    If you have any questions, please write to us at the address
shown at the top of the first page of this letter.  Or, you may call
us toll free at 1-800-829-8374 between the hours of 7:00 AM and
10:00 PM local time.  Whenever you write, please include this letter
and, in the spaces below, give us your telephone number with the hours
we can reach you.  You may also wish to keep a copy of this letter
for your records.

Your Telephone Number (____)_____    Hours _____


A copy of this letter and any referenced enclosures have been
forwarded to your authorized representative(s).


                         Sincerely yours,


                         *Teresa K. Webb*

                         Teresa K. Webb
                         Manager, Accounts Management

Enclosure(s):
Copy of this letter
Publication 1
Publication 2105

0342204890
Sep. 22, 2004   LTR 3175C
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   199912 30 000    0
07508

ROBERT J WELZEL
114 W GRAYCREST AVE
COLLIERVILLE   TN  38017-3568144


### PRIVACY ACT STATEMENT

    Under the Privacy Act of 1974, we must tell you that our legal
right to ask for information is Internal Revenue Code sections 6001,
6011, 6012(a) and their regulations.  They say that you must furnish
us with records or statements for any tax for which you are liable,
including the withholding of taxes by your employer.

We ask for information to carry out the Internal Revenue laws of
the United States, and you are required to give us this information.
We may give the information to the Department of Justice for civil
and criminal litigation, other federal agencies, states, cities, and
the District of Columbia for use in administering their tax laws.

If you don't provide this information, or provide fraudulent
information, the law provides that you may be charged penalties and,
in certain cases, you may be subject to criminal prosecution.  We
may also have to disallow the exemptions, exclusions, credits,
deductions, or adjustments shown on the tax return.  This could make
your tax higher or delay any refund.  Interest may also be charged.

DEAR TAXPAYER:

WE ARE CURRENTLY OUT OF THE FORM (S) AND/OR PUBLICATION (S) THAT WAS TO BE ENCLOSED WITH THIS LETTER. WE HAVE SENT A FORMS REQUEST TO THE REGIONAL DISTRIBUTION CENTER REQUESTING THEM TO FORWARD THE FORM/PUBLICATION DIRECTLY TO YOU.

WE APOLOGIZE FOR THIS INCONVENIENCE.

SINCERELY YOURS,

ROBERT L. WILLIAMS,
DOCUMENT PERFECTION
OPERATIONS MANAGER

**IRS** Department of the Treasury
Internal Revenue Service
PO BOX 145585 STOP 8420G
CINCINNATI, OH  45250-5585

**CERTIFIED MAIL**

7178 2665 9394 6008 2155

Letter Date:    04/13/2006
Taxpayer Identification Number:
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
Contact Person:
DENNIS MINOR
Employee Identification Number:
62-11310
Contact Telephone Number:
(901) 544-3165

ROBERT J WELZEL
114 W GRAYCREST AVE
COLLIERVILLE, TN 38017-3568

000483

### Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320

We filed a Notice of Federal Tax Lien on 04/06/2006

| Type of Tax | Tax Period | Amount Owed |
|-------------|------------|-------------|
| 1040 | 12/31/1999 | 14646.21 |
| 1040 | 12/31/2001 | 65867.52 |
| 1040 | 12/31/2002 | 67517.81 |
| 1040 | 12/31/2003 | 69361.99 |

The lien attaches to all the property you currently own and to all property you may acquire in the future.  It also may damage your credit rating and hinder your ability to obtain additional credit.

You have a right to request a hearing with us to appeal this collection action and to discuss your payment method options.  To explain the different collection appeal procedures available to you, we've enclosed Publication 1660, *Collection Appeal Rights.*

If you want to request a hearing, please complete the enclosed form 12153, *Request for a Collection Due Process Hearing,* and mail it to:

Internal Revenue Service
THE FALLS BUILDING
22 N. FRONT STREET, MDP 69
MEMPHIS, TN 38103

You must request your hearing by    05/15/2006.

We'll issue a Certificate of Release of the Federal Tax Lien within 30 days after you pay the full amount owed.
To get the current amount owed, contact the person whose name and telephone number appear at the top of this letter.

(over)

Letter 3172 (DO) rev. (11-2004)
Catalog No. 267671

We'll also release the lien within 30 days after we accept a bond guaranteeing payment of the amount owed or after we adjust your account based on the decision of your requested hearing.  We enclosed Publication 1450, *Instructions on how to Request a Certificate of Release of Federal Tax Lien*.

If you have any questions, please contact the person whose name and telephone number appear at the top of this letter.

Sincerely,

*R. A. Mitchell*

Director, Campus Compliance Operations

Enclosures:
Publication 1, *Your Rights as a Taxpayer*
Publication 1450, *Instructions on How to Request a Certificate of Release of Federal Tax Lien*
Publication 1660, *Collection Appeal Rights*
Form 668-Y (C), *Notice of Federal Tax Lien*
Form 12153, *Request for a Collection Due Process Hearing*

Letter 3172 (DO) rev. (11-2004)
Catalog No. 267671

| Form 668 (Y)(c)<br>(Rev. February 2004) | 1872 | Department of the Treasury - Internal Revenue Service<br>**Notice of Federal Tax Lien** |
|---|---|---|

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #5<br>(800) 913-6050 | Serial Number<br>282408206 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

- This Notice of Federal Tax Lien has been filed as a matter of public record.
- IRS will continue to charge penalty and interest until you satisfy the amount you owe.
- Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.
- See the back of this page for an explanation of your Administrative Appeal rights.

Name of Taxpayer    ROBERT J WELZEL

Residence    114 W GRAYCREST AVE
COLLIERVILLE, TN 38017-3568

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

000483

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1999 | 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 | 05/31/2004 | 06/30/2014 | 14646.21 |
| 1040 | 12/31/2001 | 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 | 05/31/2004 | 06/30/2014 | 65867.52 |
| 1040 | 12/31/2002 | 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 | 02/07/2005 | 03/09/2015 | 67517.81 |
| 1040 | 12/31/2003 | 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 | 10/17/2005 | 11/16/2015 | 69361.99 |

| Place of Filing | Register of Deeds<br>Shelby County<br>Memphis, TN 38104-5406 | Total | 217393.53 |
|---|---|---|---|

This notice was prepared and signed at    DALLAS, TX    , on this,

the  03rd  day of  April  ,  2006 .

| Signature    K. A. Mitchell<br>for DENNIS MINOR | Title<br>REVENUE OFFICER    25-14-1233<br>(901) 544-3165 |
|---|---|

**(NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 3 - Taxpayer's Copy

CAT. NO 60025X
Form 668 (Y)(c) (Rev. 02-04)

**Lien**

This Notice of Federal Tax Lien gives public notice that the government has a lien on all your property (such as your house or car), all your rights to property (such as money owed to you) and to property you acquire after this lien is filed.

**Your Administrative Appeal Rights**

If you believe the IRS filed this Notice of Federal Tax Lien in error, you may appeal if any of the following conditions apply:

● You had paid all tax, penalty and interest before the lien was filed;

● IRS assessed tax after the date you filed a petition for bankruptcy;

● IRS mailed your notice of deficiency to the wrong address;

You have already filed a timely petition with the Tax Court;

The statute of limitations for collection ended before IRS filed the notice of lien.

**Your appeal request must be in writing and contain the following:**

● Your name, current address and SSN/EIN;

● Copy of this notice of lien, if available;

● The specific reason(s) why you think the IRS is in error;

● Proof that you paid the amount due (such as cancelled check);

● Proof that you filed a bankruptcy petition before this lien was filed.

Send your written request to the IRS, Attention: Technical Services Group Manager, in the office where this notice of lien was filed.

**When This Lien Can Be Released**

The IRS will issue a Certificate of Release of Federal Tax Lien within 30 days after:

● You pay the tax due, including penalties, interest, and any other additions under law, or IRS adjusts the amount due, or;

● The end of the time period during which we can collect the tax (usually 10 years).

Publication 1450, Request for Release of Federal Tax Lien, available at IRS offices, describes this process.

**When a Lien against Property can be Removed**

The IRS may remove the lien from a specific piece of property if any of the following conditions apply:

● You have other property subject to this lien that is worth at least two times the total of the tax you owe, including penalties and interest, plus the amount of any other debts you owe on the property (such as a mortgage);

● You give up ownership in the property and IRS receives the value of the government's interest in the property;

● IRS decides the government's interest in the property has no value when you give up ownership;

● The property in question is being sold; there is a dispute about who is entitled to the sale proceeds; and the proceeds are placed in escrow while the dispute is being resolved.

Publication 783, Instructions on How to Apply for a Certificate of Discharge of Property from a Federal Tax Lien, available at IRS offices, describes this process.

**Gravamen**

Este Aviso de Gravamen del Impuesto Federal da aviso público que el gobierno tiene una lien en todas sus propiedades (tal como su casa o carro), todos sus derechos a propiedad (tales como el dinero que le adeudan a usted) y la propiedad que adquiera después que se presentó éste gravamen.

**Sus Derechos de Apelación Administrativos**

Si usted cree que el IRS presentó éste Aviso de Gravamen del Impuesto Federal por error, usted puede apelar si cualquiera de las siguientes condiciones le aplican:

● Usted pagó todo el impuesto, multa, interés antes de que el gravamen fuera presentado;

● El IRS tasó el impuesto después del la fecha en que usted presentó una petición de quiebra;

● El IRS le envió por correo el aviso de deficiencia a una dirección incorrecta;

● Usted presentó a tiempo una petición ante la Corte de Impuesto;

● El IRS no presentó el aviso de gravamen dentro del término prescriptivo.

**Su petición de apelación tiene que estar por escrito y debe incluir lo siguiente:**

● Su nombre, dirección actual y SSN/EIN;

● Una copia de este aviso de gravamen, si está disponible;

● La razón (o razones) específica(s) por qué piensa que el IRS está erróneo;

● Prueba que pagó la cantidad adeudada (tal como un cheque cancelado);

● Prueba que presentó una petición de quiebra antes de que se presentara el gravamen.

Envíe su petición por escrito al IRS, Atención: *"Technical Services Group Manager" (Grupo de Gerente-Servicios Técnicos)* en la oficina dónde este aviso de gravamen fue presentado.

**Cuándo Este Gravamen Se Puede Cancelar**

El IRS emitirá un Certificado de Cancelación de Gravamen del Impuesto Federal dentro de 30 días después que:

● Usted paga el impuesto adeudado, incluyendo multas, intereses, y otras sumas adicionales según la ley, o el IRS ajusta la cantidad adeudada, o;

● Aceptemos una fianza garantizando el pago de su deuda;

● La expiración del término en que podemos cobrar el impuesto (usualmente 10 años).

La Publicación 1450, en inglés, *"Petición Para Cancelar el Gravamen del Impuesto Federal"*, describe este proceso y está disponible en las oficinas del IRS.

**Cuándo un Gravamen en Contra de la Propiedad Puede Eliminarse**

El IRS puede eliminar el gravamen de una propiedad específica si cualquiera de las siguientes condiciones aplica:

● Usted tiene otra propiedad sujeta a este gravamen cuyo valor es por lo menos dos veces el total del impuesto que usted adeuda, incluyendo intereses y multas, más la cantidad de cualquiera de las otras deudas que adeuda sobre la propiedad (tal como una hipoteca);

● Usted cede su interés en la propiedad y el IRS recibe el valor del interés del gobierno en la propiedad;

● El IRS decide que el interés del gobierno en la propiedad no tiene valor alguno cuando usted cedió su interés en la propiedad;

● La propiedad gravada será vendida; existe una controversia sobre quién tiene derecho al producto de la venta; y se depositan los fondos recibidos en la venta en una cuenta especial en lo que se resuelve la controversia.

La Publicación 783 en inglés, *"Instrucciones de Cómo Solicitar un Certificado de Relevo de la Propiedad de un Gravamen del Impuesto Federal"*, describe éste proceso y está disponible en las oficinas del IRS.

Form 668 (Y) (c) (Rev. 02-2004)

**Internal Revenue Service**
22 N FRONT STREET
MEMPHIS, TN 38103-2162

**Department of the Treasury**

**CERTIFIED MAIL - RETURN RECEIPT**

ROBERT J WELZEL
114 W GRAYCREST AVE
COLLIERVILLE, TN 38017-3568

**Letter Date:**
  03/13/2006
**Social Security or**
**Employer Identification Number**
  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
**Person to Contact:**
  DENNIS MINOR
**Contact Telephone Number:**
  (901)544-3165
**Employee Identification Number:**
  62-11310

**FINAL NOTICE**
**NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING**
*PLEASE RESPOND IMMEDIATELY*

Your Federal tax is still not paid.  We previously asked you to pay this, but we still haven't received your payment.  This letter is your notice of our intent to levy under Internal Revenue Code (IRC) Section 6331 and your right to receive Appeals consideration under IRC Section 6330.

We may file a Notice of Federal Tax Lien at any time to protect the government's interest.  A lien is a public notice to your creditors that the government has a right to your current assets, including any assets you acquire after we file the lien.

If you don't pay the amount you owe, make alternative arrangements to pay, or request Appeals consideration within 30 days from the date of this letter, we may take your property, or rights to property, such as real estate, automobiles, business assets, bank accounts, wages, commissions, and other income.  For more information, we've enclosed Publication 594, *What You Should Know About the IRS Collection Process,* Publication 1660, *Collection Appeal Rights,* and Form 12153, *Request for a Collection Due Process Hearing.*  To preserve your right to contest Appeals' decision in the U.S. Tax Court or U.S. District Court, you must send us the completed Form 12153 within 30 days from the date of this letter.

To prevent collection action, please send your full payment today.  Make your check or money order payable to U.S. Treasury.  Write your social security number or employer identification number on your payment.  Send your payment to us in the enclosed envelope with a copy of this letter.

The unpaid amount from prior notices may include tax, penalties, and interest you still owe.  It also includes any credits and payments we've received since we sent our last notice to you.  Below is a brief explanation of the interest and/or failure to pay penalty that may be included in the amount you owe:

**Interest - Internal Revenue Code Section 6601**
We charge interest when your tax is not paid on time.  Interest is computed from the due date of your return (regardless of extensions) until paid in full or to the date of this notice.  Interest is also charged on penalties assessed on your account.  Interest compounds daily except on underpaid estimated taxes for individuals or corporations.

**Letter 1058 (DO) (Rev. 6-2005)**
**Catalog Number: 40488S**

**Paying Late - Internal Revenue Code Section 6651(a)(2)**
We charge a penalty when your tax is not paid on time.  Initially, the penalty is ½% of the unpaid tax for each month or part of a month the tax was not paid.

If you have recently paid this tax or you can't pay it, call us immediately at the telephone number shown at the top of this letter and let us know.

Sincerely yours,


DENNIS MINOR
REVENUE OFFICER

The amount you owe through 04/12/2006 is:

| Form Number | Tax Period | Unpaid Amount from Prior Notices | Additional Penalty | Additional Interest | Amount You Owe |
|---|---|---|---|---|---|
| 1040 | 12/31/1999 | $14646.21 | $0.00 | $1643.13 | $16289.34 |
| 1040 | 12/31/2001 | $65867.52 | $0.00 | $6965.86 | $72833.38 |
| 1040 | 12/31/2002 | $67517.81 | $1725.88 | $5006.42 | $74250.11 |
| 1040 | 12/31/2003 | $69361.99 | $2158.45 | $2394.69 | $73915.13 |

Total:    $237287.96

Enclosures:
Copy of this letter
Pub. 594
Pub. 1660
Form 12153

**Letter 1058 (DO) (Rev. 6-2005)**
                              **Catalog Number: 40488S**

**Internal Revenue Service**
22 N FRONT STREET
MEMPHIS, TN 38103-2162

**Department of the Treasury**

**Letter Number:  3164B (DO)**

**Letter Date:**
  03/03/2006
**Social Security Number or**
**Employer Identification Number:**
  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
**For Assistance You May Call Us At:**
  (901)544-3165
**Person to Contact:**
  DENNIS MINOR
**Employee Identification Number:**
  62-11310

ROBERT J WELZEL
114 W GRAYCREST AVE
COLLIERVILLE, TN 38017-3568

---

Dear ROBERT J WELZEL :

    We are attempting to collect unpaid taxes from you.  You should already be aware of this from our previous contacts with you.  Generally, our practice is to deal directly with a taxpayer or a taxpayer's duly authorized representative.  However, we sometimes talk with other persons, for example when we need information that the taxpayer has been unable to provide, or to verify information we have received.

    We are writing to tell you that we may contact other persons.  If we do contact other persons we will generally need to tell them limited information, such as your name.  The law prohibits us from disclosing any more information than is necessary to obtain or verify the information we are seeking.  Our need to contact other persons may continue as long as there is activity on this matter.

    If you have any questions regarding this letter or wish to request a list of contacts, please do not hesitate to contact us at the telephone number listed above.

                                    Sincerely,


                                    DENNIS MINOR
                                    REVENUE OFFICER


Letter 3164B(DO) (2-2000)

 **IRS** Department of the Treasury
Internal Revenue Service
AUSTIN, TX 73301-0030

Notice Number: CP 504
Notice Date: 03-14-2005
**SSN/EIN:** 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
**Caller ID:** 409662

7178 2665 9397 4252 7855



ROBERT J WELZEL
114 W GRAYCREST AVE
COLLIERVILLE    TN    38017-3568144


*054527419101*

041971

# Urgent !!

## We intend to levy on certain assets.  Please respond NOW.

(To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

As a current or retired federal employee, you must pay your federal taxes as required by law.

Our records indicate that you haven't paid the amount you owe.  The law requires that you pay your tax at the time you file your return.  This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full.  In addition, we will begin to search for other assets we may levy.  We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.**  If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.  Current balance may include Civil Penalty, if assessed.

## Account Summary

| Form: 1040A | Tax Period: 12-31-2002 |
|---|---|

**Current Balance:**              $64,156.10
Includes:
    Penalty:                       $215.73
    Interest:                      $305.81
    Last Payment:                    $0.00

For information on
your penalty & interest
computations, you may
call 1-800-829-0922

✂ Questions?  Call us at **1-800-829-0922**

See the enclosed Publication 594, *The IRS Collection Process*, and Notice 1219B, *Notice of Potential Third Party Contact* for additional information.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 03-14-2005

write on your check:

| 1040A | 12-31-2002 | 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 |
|---|---|---|

Find information about filing and paying taxes at: www.irs.gov
Enter Keyword: filing late (or) paying late

Amount Due:
    $64,156.10

Internal Revenue Service
AUSTIN, TX 73301-0030

ROBERT J WELZEL
114 W GRAYCREST AVE
COLLIERVILLE    TN    38017-3568144

054527419 LP WELZ 30 0 200212 670 00006415610

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
WELZ

# Penalty and Interest

About Your Notice - The penalty and interest charges on your account are explained below.  If you want a more detailed explanation of your penalties and interest, please call the telephone number listed on the front of this notice.  You may call your local IRS telephone number if the number shown on your notice is a long-distance call for you.  All days mentioned in the paragraphs below are calendar days, unless specifically stated otherwise.

041971

## Penalty:        $215.73

### 07 Paying Late

### IRC section 6651 (a) (2)

We charged a penalty because you didn't pay your tax on time.  Initially, the penalty is 1/2 % of the unpaid tax for each month or part of a month you didn't pay your tax.

If you think we should remove or reduce the penalty, see "Removal of Penalties - Reasonable Cause."

### Removal of Penalties - Reasonable Cause

The law lets us remove or reduce the penalties explained in this notice if you have an acceptable reason. If you believe you have an acceptable reason, you may send us a signed statement explaining your reason.  We'll review it and let you know if we accept your explanation as reasonable cause to remove or reduce your penalty.  This procedure doesn't apply to interest and, in some cases, we may ask you to pay the tax in full before we reduce or remove the penalty for paying late.

### Erroneous Written Advice from IRS

We'll also remove your penalty if:

- you wrote to IRS and asked for advice on a specific issue,
- you gave IRS complete and accurate information,
- IRS wrote back to you and gave you a specific course of action to take or explained what actions not to take,
- you followed our written advice in the manner we outlined, and
- you were penalized for the written advice we gave you.

To have the penalty removed because of erroneous written advice from IRS, you should:

- complete Form 843, Claim for Refund and Request for Abatement,
- request that IRS remove the penalty, and

- send Form 843 to the IRS Service Center where you filed your return for the year you relied on erroneous advice from the IRS.

The three documents you must attach to your Form 843 are:

- a copy of your original request for advice from IRS,
- a copy of the erroneous written advice from IRS, and
- a notice (if any) showing the penalty we charged that you now wish us to remove.

# Interest:                $305.81

**09 Interest**

**IRC section 6601**

We charge interest when your tax isn't paid on time. Interest is computed from the due date of your return (regardless of extensions) until paid in full.

Interest compounds daily except on late or underpaid estimated taxes for individuals or corporations. Interest is also charged on penalties for late filing, over or understating valuations, and substantially understating the tax you owe.

Corporate Interest - We charge additional interest of 2% if, according to our records, you didn't make your corporate tax payment within 30 days after the IRS notified you of the underpayment of tax. This interest begins on the 31st day after we notify you of the underpayment on tax amounts you owe over $100,000, minus your timely payments and credits.