# RECEIVED

JUN 2 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
### IN THE DISTRICT OF COLUMBIA

Robert J Welzel,
Lisa L Welzel

Case No. **1:06-cv-00838** $RBW$

Plaintiff(s),

**VERIFIED ADDENDUM TO COMPLAINT No. 1**

v.

United States

Defendant.

This Court has recognized that an exception to the exhaustion of the administrative remedy is found where "An adverse decision can also be certain if an agency has articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider." Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986) (citing Etelson v. Office of Pers. Mgmt., 684 F.2d 918, 925 (D.C. Cir. 1982).

This Court has also recognized that an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it. (Turner v. United States, _ F. Supp.2d _, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1242 (2006) citing Gibson v. Berryhill, 411 U.S. at 575, n. 14; Houghton v. Shafer, 392 U.S. 639, 640 (1968))

Pursuant to The Federal Records Act, 44 USC § 3101, and the National Archives Act, 44 USC § 3106, the attached correspondence is a public record. Pursuant to the

Administrative Procedure Act, 5 USC 704, the attached correspondence is a final agency action.

## FINDINGS MUST BE BASED UPON EVIDENCE

Even if administrative exhaustion is a question of law, the exceptions to the administrative exhaustion requirement that have heretofore been mentioned, in Koerner (both cases)[1], Turner, and in the instant case, involve findings of fact which should, in keeping with Arbaugh, be within the province of a jury. In the instant case, a jury finding that IRS was willing to reconsider a position (Randolph-Sheppard), or was unbiased (McCarthy), would naturally *and properly* result in the legal conclusion that no exception(s) to the exhaustion requirement are applicable; an adverse jury finding, however, of IRS intransigence, or bias, would necessarily and properly result in the legal conclusion that one or more exception(s) to the exhaustion requirement do apply. The legal conclusion that Plaintiff failed to exhaust an administrative remedy to which no exception applies may only be based upon a finding of facts; a finding of the jury. I/we believe that a proper reading of the statute supports this argument.

Pursuant to Fed Rules of Edv. Rule 902(1) the attached correspondence is self-authenticating. Pursuant to Fed. Rules of Edv. Rule 201 the court is required to take mandatory judicial notice of the adjudicative fact that the attached correspondence (sent to plaintiff(s), is a final agency action that demonstrates that the IRS is unwilling to

---

[1] No. 05-1600 (D.D.C. Oct 26, 2005; 06-0024, D.D.C. Mar. 31, 2006

Robert J Weizel v. United States.　　　　　page 2 of 4 pages　　　　　Addendum to Complaint

reconsider the position taken in the attached correspondence[2] and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against plaintiff(s) for pursuing the instant action.

Dated JUNE 20 , 2006

_Robert J Welzel_
Robert J Welzel
114 W Graycrest Ave.
Collierville, TN 38017

_Lisa L Welzel_
Lisa L Welzel
114 W Graycrest Ave.
Collierville, TN 38017

### Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Tennessee, personally appeared, Robert J Welzel, Lisa L Welzel known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her/their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.

_Gayle L Holland_
Notary, State of Tennessee

Gayle L. Holland
State of Tennessee
Notary Public
Fayette County

---

[2] The attached correspondence is provided solely to demonstrate that the defendants' agency has articulated a position that is a final agency action that defendants' agency is unwilling to reconsider and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against plaintiff(s) for pursuing this action and for no other purpose.

Robert J Welzel v. United States.                    page 3 of 4 pages                    Addendum to Complaint

## CERTIFICATE OF SERVICE

I certify that I have mailed an original and one copy of the forgoing to:

Clerk of Court, United States District Court, 333 Constitution Ave. NW, Washington D.C. 20001,

and one copy to:

Kenneth L. Wainstein
United States Attorney
District of Columbia
501 3rd Street NW
Washington, District of Columbia 20001

Dated ___June    20_____, 2006

_____
Robert J Weizel

| Form 668-W(ICS) (Jan. 2003) | Department of the Treasury – Internal Revenue Service |
|---|---|
| | **Notice of Levy on Wages, Salary, and Other Income** |

DATE: 05/15/2006

REPLY TO:  **Internal Revenue Service**
      **DENNIS MINOR**
      **22 N FRONT STREET**
      **MEMPHIS, TN 38103-2162**

TELEPHONE NUMBER
OF IRS OFFICE: (901)544-3165

NAME AND ADDRESS OF TAXPAYER:
**ROBERT J WELZEL**
**114 W GRAYCREST AVE**
**COLLIERVILLE, TN 38017-3568**

TO:  **FEDEX EXPRESS**
     **2007 CORPORATE AVE -5TH FLOOR**
     **MEMPHIS, TN 38132-1702**

IDENTIFYING NUMBER(S):  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

WELZ

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040. | 12/31/1999 | 14670.21 | 1841.32 | 16511.53 |
| 1040 | 12/31/2001 | 65867.52 | 7851.09 | 73718.61 |
| 1040 | 12/31/2002 | 67517.81 | 8045.27 | 75563.08 |
| 1040 | 12/31/2003 | 69361.99 | 6384.61 | 75746.60 |
| | | | Total Amount Due  ⇒ | 241539.82 |

We figured the interest and late payment penalty to  <u>06-14-2006</u>

Although we asked you to pay the amount you owe, it is still not paid.

This is your copy of a Notice of Levy we have sent to collect the unpaid amount. We will send other levies if we don't get sufficient funds to pay the total amount you owe.

This levy requires the person who received it to turn over to us: your wages and salary that have been earned but not paid, as well as wages and salary earned in the future until the levy is released; and (2) your other income that the person has now or is obligated to pay you. This money is levied to the extent it isn't exempt, as explained on the back of Part 5 of this form.

If you decide to pay the amount you owe now, please <u>bring</u> a guaranteed payment (*cash, cashier's check, or money order*) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to United States Treasury. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If you have any questions or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time for us to call you.

Please see the back of Part 5 for instructions.

| Signature of Service Representative | Title |
|---|---|
| **/S/ DENNIS MINOR** | **REVENUE OFFICER** |

Part 2 –  For Taxpayer        Catalog No. 35390F    <u>www.irs.gov</u>      Form 668-W(ICS) (1-2003)

| Form 668-A(ICS) (Jan. 2003) | | Department of the Treasury – Internal Revenue Service **Notice of Levy** | | | |
|---|---|---|---|---|---|

DATE: 05/15/2006

REPLY TO: Internal Revenue Service
**DENNIS MINOR**
**22 N FRONT STREET**
**MEMPHIS, TN 38103-2162**

TELEPHONE NUMBER
OF IRS OFFICE: **(901)544-3165**

TO: **NAVY FEDERAL CREDIT UNION**
**PO BOX 3601**
**MERRIFIELD, VA 22119-0001**

NAME AND ADDRESS OF TAXPAYER:
**ROBERT J WELZEL**
**114 W GRAYCREST AVE**
**COLLIERVILLE, TN 38017-3568**

IDENTIFYING NUMBER(S): **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**

WELZ

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1999 | 14670.21 | 1841.32 | 16511.53 |
| 1040 | 12/31/2001 | 65867.52 | 7851.09 | 73718.61 |
| 1040 | 12/31/2002 | 67517.81 | 8045.27 | 75563.08 |
| 1040 | 12/31/2003 | 69361.99 | 6384.61 | 75746.60 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ⟹

| Total Amount Due | 241539.82 |
|---|---|

We figured the interest and late payment penalty to **06-14-2006**

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have (or are already obligated for) when they would have paid you.

If you decide to pay the amount you owe now, please bring a guaranteed payment (cash, cashier's check, certified check, or money order) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to United States Treasury. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative /S/ **DENNIS MINOR** | Title **REVENUE OFFICER** |
|---|---|

Part 4 –     For Taxpayer     Catalog No. 35389E     www.irs.gov     Form 668-A(ICS) (1-2003)

# UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF COLUMBIA

Robert J Welzel,
Lisa L Welzel

Case No. **1:06-cv-00838**

Plaintiff(s),

VERIFIED ADDENDUM TO COMPLAINT No. 2

v.

United States

Defendant.

This Court has recognized that an exception to the exhaustion of the administrative remedy is found where "An adverse decision can also be certain if an agency has articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider." <u>Randolph-Sheppard Vendors of Am. v. Weinberger</u>, 795 F.2d 90, 105 (D.C. Cir. 1986) (citing <u>Etelson v. Office of Pers. Mgmt.</u>, 684 F.2d 918, 925 (D.C. Cir. 1982).

This Court has also recognized that an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it. (<u>Turner v. United States</u>, _ F. Supp.2d _, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on <u>Arbaugh v. Y & H Corp.</u>, 126 S.Ct. 1235, 1242 (2006) citing Gibson v. Berryhill, 411 U.S. at 575, n. 14; Houghton v. Shafer, 392 U.S. 639, 640 (1968))

Pursuant to The Federal Records Act, <u>44 USC § 3101</u>, and the National Archives Act, <u>44 USC § 3106</u>, the attached correspondence is a public record. Pursuant to the

Administrative Procedure Act, <u>5 USC 704</u>, the attached correspondence is a final agency action.

## FINDINGS MUST BE BASED UPON EVIDENCE

Even if administrative exhaustion is a question of law, the exceptions to the administrative exhaustion requirement that have heretofore been mentioned, in <u>Koerner</u> (both cases)[1], <u>Turner</u>, and in the instant case, involve findings of fact which should, in keeping with <u>Arbaugh</u>, be within the province of a jury. In the instant case, a jury finding that IRS was willing to reconsider a position (Randolph-Sheppard), or was unbiased (McCarthy), would naturally *and properly* result in the legal conclusion that no exception(s) to the exhaustion requirement are applicable; an adverse jury finding, however, of IRS intransigence, or bias, would necessarily and properly result in the legal conclusion that one or more exception(s) to the exhaustion requirement do apply. The legal conclusion that Plaintiff failed to exhaust an administrative remedy to which no exception applies may only be based upon a finding of facts; a finding of the jury. I/we believe that a proper reading of the statute supports this argument.

Pursuant to Fed Rules of Edv. Rule 902(1) the attached correspondence is self-authenticating. Pursuant to Fed. Rules of Edv. Rule 201 the court is required to take mandatory judicial notice of the adjudicative fact that the attached correspondence (sent to plaintiff(s), is a final agency action that demonstrates that the IRS is unwilling to

---

[1] No. 05-1600 (D.D.C. Oct 26, 2005; 06-0024, D.D.C. Mar. 31, 2006

Robert J Welzel v. United States.                    page 2 of 4 pages                    Addendum to Complaint

reconsider the position taken in the attached correspondence[2] and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against plaintiff(s) for pursuing the instant action.

Dated _June 20_, 2006

_Robert J Welzel_
Robert J Welzel
114 W Graycrest Ave.
Collierville, TN 38017

_Lisa L Welzel_
Lisa L Welzel
114 W Graycrest Ave.
Collierville, TN 38017

## Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Tennessee, personally appeared, Robert J Welzel, Lisa L Welzel known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her/their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.

_Gayle L Holland_
Notary, State of Tennessee

(Notary Seal: Gayle L. Holland, State of Tennessee, Notary Public, Fayette County)

---

[2] The attached correspondence is provided solely to demonstrate that the defendants' agency has articulated a position that is a final agency action that defendants' agency is unwilling to reconsider and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against plaintiff(s) for pursuing this action and for no other purpose.

Robert J Welzel v. United States.            page 3 of 4 pages

Addendum to Complaint

## CERTIFICATE OF SERVICE

I certify that I have mailed an original and one copy of the forgoing to:

Clerk of Court, United States District Court, 333 Constitution Ave. NW, Washington D.C. 20001,

and one copy to:

Kenneth L. Wainstein
United States Attorney
District of Columbia
501 3rd Street NW
Washington, District of Columbia 20001

Dated ___June   20_____, 2006

_____
hert J Weizel

 **IRS** Department of the Treasury
Internal Revenue Service

PO BOX 145585 STOP 84206
CINCINNATI, OH 45250-5585

7178 2665 9394 6008 2155

000483.280477.0004.001 2 MB 0.563 1416

 ROBERT J WELZEL
114 W GRAYCREST AVE
COLLIERVILLE, TN 38017-3568

000483

**IRS** Department of the Treasury
Internal Revenue Service

PO BOX 145585 STOP 84200
CINCINNATI, OH  45250-5585

**CERTIFIED MAIL**

7178 2665 9394 6008 2155

Letter Date:   04/13/2006

Taxpayer Identification Number:
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

Contact Person:
DENNIS MINOR

Employee Identification Number:
62-11310

Contact Telephone Number:
(901) 544-3165



ROBERT J WELZEL
114 W GRAYCREST AVE
COLLIERVILLE, TN 38017-3568

000483

## Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320

We filed a Notice of Federal Tax Lien on **04/06/2006**

| Type of Tax | Tax Period | Amount Owed |
|---|---|---|
| 1040 | 12/31/1999 | 14646.21 |
| 1040 | 12/31/2001 | 65867.52 |
| 1040 | 12/31/2002 | 67517.81 |
| 1040 | 12/31/2003 | 69361.99 |

The lien attaches to all the property you currently own and to all property you may acquire in the future.  It also may damage your credit rating and hinder your ability to obtain additional credit.

You have a right to request a hearing with us to appeal this collection action and to discuss your payment method options.  To explain the different collection appeal procedures available to you, we've enclosed Publication 1660, *Collection Appeal Rights*.

If you want to request a hearing, please complete the enclosed form 12153,  *Request for a Collection Due Process Hearing*, and mail it to:

Internal Revenue Service
THE FALLS BUILDING
22 N. FRONT STREET, MDP 69
MEMPHIS, TN 38103

You must request your hearing by  **05/15/2006**.

We'll issue a Certificate of Release of the Federal Tax Lien within 30 days after you pay the full amount owed.
To get the current amount owed, contact the person whose name and telephone number appear at the top of this letter.

(over)

Letter 3172 (DO) rev. (11-2004)
Catalog No. 267671

We'll also release the lien within 30 days after we accept a bond guaranteeing payment of the amount owed or after we adjust your account based on the decision of your requested hearing. We enclosed Publication 1450, *Instructions on how to Request a Certificate of Release of Federal Tax Lien.*

If you have any questions, please contact the person whose name and telephone number appear at the top of this letter.

Sincerely,

*R. A. Mitchell*

Director, Campus Compliance Operations

Enclosures:
Publication 1, *Your Rights as a Taxpayer*
Publication 1450, *Instructions on How to Request a Certificate of Release of Federal Tax Lien*
Publication 1660, *Collection Appeal Rights*
Form 668-Y (C), *Notice of Federal Tax Lien*
Form 12153, *Request for a Collection Due Process Hearing*

Letter 3172 (DO) rev. (11-2004)
Catalog No. 267671

| Form 668 (Y)(c) | 1872 | Department of the Treasury - Internal Revenue Service |
|---|---|---|
| (Rev. February 2004) | | **Notice of Federal Tax Lien** |

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #5 (800) 913-6050 | Serial Number 282408206 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

- This Notice of Federal Tax Lien has been filed as a matter of public record.
- IRS will continue to charge penalty and interest until you satisfy the amount you owe.
- Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.
- See the back of this page for an explanation of your Administrative Appeal rights.

Name of Taxpayer    ROBERT J WELZEL

000483

Residence    114 W GRAYCREST AVE
COLLIERVILLE, TN 38017-3568

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1999 | 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 | 05/31/2004 | 06/30/2014 | 14646.21 |
| 1040 | 12/31/2001 | 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 | 05/31/2004 | 06/30/2014 | 65867.52 |
| 1040 | 12/31/2002 | 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 | 02/07/2005 | 03/09/2015 | 67517.81 |
| 1040 | 12/31/2003 | 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 | 10/17/2005 | 11/16/2015 | 69361.99 |

| Place of Filing | Register of Deeds Shelby County Memphis, TN 38104-5406 | Total | 217393.53 |
|---|---|---|---|

This notice was prepared and signed at    DALLAS, TX    , on this,

the 03rd day of April , 2006 .

Signature    R. A. Mitchell

for DENNIS MINOR

Title REVENUE OFFICER (901) 544-3165    25-14-1233

(**NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 3 - Taxpayer's Copy**

CAT. NO 60026X
Form 668 (Y)(c) (Rev. 02-04)

# UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF COLUMBIA

Robert J Welzel,
Lisa L Welzel                                    Case No. **1:06-cv-00838**

                         Plaintiff(s),           **VERIFIED ADDENDUM TO COMPLAINT No. 3**

v.

United States
                    Defendant.

This Court has recognized that an exception to the exhaustion of the administrative remedy is found where "An adverse decision can also be certain if an agency has articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider." Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986) (citing Etelson v. Office of Pers. Mgmt., 684 F.2d 918, 925 (D.C. Cir. 1982).

This Court has also recognized that an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it. (Turner v. United States, _ F. Supp.2d _, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1242 (2006) citing Gibson v. Berryhill, 411 U.S. at 575, n. 14; Houghton v. Shafer, 392 U.S. 639, 640 (1968))

Pursuant to The Federal Records Act, 44 USC § 3101, and the National Archives Act, 44 USC § 3106, the attached correspondence is a public record. Pursuant to the

Administrative Procedure Act, 5 USC 704, the attached correspondence is a final agency action.

## FINDINGS MUST BE BASED UPON EVIDENCE

Even if administrative exhaustion is a question of law, the exceptions to the administrative exhaustion requirement that have heretofore been mentioned, in Koerner (both cases)[1], Turner, and in the instant case, involve findings of fact which should, in keeping with Arbaugh, be within the province of a jury. In the instant case, a jury finding that IRS was willing to reconsider a position (Randolph-Sheppard), or was unbiased (McCarthy), would naturally *and properly* result in the legal conclusion that no exception(s) to the exhaustion requirement are applicable; an adverse jury finding, however, of IRS intransigence, or bias, would necessarily and properly result in the legal conclusion that one or more exception(s) to the exhaustion requirement do apply. The legal conclusion that Plaintiff failed to exhaust an administrative remedy to which no exception applies may only be based upon a finding of facts; a finding of the jury. I/we believe that a proper reading of the statute supports this argument.

Pursuant to Fed Rules of Edv. Rule 902(1) the attached correspondence is self-authenticating. Pursuant to Fed. Rules of Edv. Rule 201 the court is required to take mandatory judicial notice of the adjudicative fact that the attached correspondence (sent to plaintiff(s), is a final agency action that demonstrates that the IRS is unwilling to

---

[1] No. 05-1600 (D.D.C. Oct 26, 2005; 06-0024, D.D.C. Mar. 31, 2006

Robert J Welzel v. United States.                         page 2 of 4 pages                         Addendum to Complaint

reconsider the position taken in the attached correspondence[2] and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against plaintiff(s) for pursuing the instant action.

Dated _27 June_ 2006

_____
Robert J Welzel
114 W Graycrest Ave.
Collierville, TN 38017

_____
Lisa L Welzel
114 W Graycrest Ave.
Collierville, TN 38017

### Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Tennessee, personally appeared, Robert J Welzel, Lisa L Welzel known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her/their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Tennessee

My Commission Expires:
March 27, 2007



---

[2] The attached correspondence is provided solely to demonstrate that the defendants' agency has articulated a position that is a final agency action that defendants' agency is unwilling to reconsider and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against plaintiff(s) for pursuing this action and for no other purpose.

Robert J Welzel v. United States.                    page 3 of 4 pages                    Addendum to Complaint

## CERTIFICATE OF SERVICE

I certify that I have mailed an original and one copy of the forgoing to:

Clerk of Court, United States District Court, 333 Constitution Ave. NW, Washington D.C. 20001,

and one copy to:

Kenneth L. Wainstein
United States Attorney
District of Columbia
501 3rd Street NW
Washington, District of Columbia 20001

Dated ___June 27___, 2006

_____
Robert J Welzel