# UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF COLUMBIA

Robert J Welzel  
Lisa L Welzel

          Plaintiff(s),

v.

United States (Government)

          Defendant.

No: 1:06-cv-00838  RBW

RESPONSE TO MOTION TO VACATE/MOTION FOR SUMMARY JUDGMENT

Counsel asserts two claim in his/her motion to vacate. Improper service and subjectmatter jurisdiction.

This Court has previously settled the matter of subject matter jurisdiction. Notwithstanding counsel's claim that this Court lacks subject matter jurisdiction this Court had held that it does have subject matter jurisdiction. Thus, counsel's argument that this court has subject matter jurisdiction is frivolous and without merit. If plaintiff(s) continued to raise a frivolous argument (one that the Court has previously ruled on plaintiff(s) would be sanctioned). The Court has ruled that the issue ins not subject matter jurisdiction, but failure to state a claim and that failure to allege that plaintiff(s) has/have exhaust administrative remedies constitutes failure to state a claim.

## 12(b)(6) MOTION TO DISMISS

Pursuant to Rule 12(b)(6) a claim may be dismissed on only two grounds: (1) it asserts a legal theory that is not cognizable as a matter of law, or (2) it fails to allege sufficient facts to support a cognizable legal claim. Therefore, in order for the Court to dismiss for failure to exhaust administrative remedies under 12(b)(6) failure to exhaust

Robert J Welzel v United States  
(Government) No. 1:06-cv-00838

Page 1 of 5

RESPONSE TO MOTION TO DISMISS /  
MOTION FOR SUMMARY JUDGMENT  
ALTERNATIVE MOTION TO BIFURCATE

RECEIVED

AUG 1 6 2006

NANCY MAYER WHITTINGTON, CLERK  
U.S. DISTRICT COURT

must assert a legal theory that is not cognizable as a matter of law, or failure to exhaust must be an issue of fact.

The Court has held that failure to exhaust is an issue of law and may be decided by the court[1]. To be decided as a matter of law under 12(b)(6) failure to exhaust must rise to the level of asserting a legal theory that is not cognizable as a matter of law.  In both Masterson v. United States of America, D.D.C. 05-1807 (JDB); and Turner v. United States, D.D.C. 05-1716 (JDB), (upon which Masterson relied), the Court failed to make a finding that failure to exhaust rises to the level of asserting a legal theory that is not cognizable as a matter of law[2].  Therefore, even if failure to exhaust is an issue of law the instant matter cannot be dismissed for failure to exhaust because it does not rise to the level of asserting a legal theory that is not cognizable as a matter of law.

As plaintiffs understand, failure to exhaust is not an issue that asserts a legal theory that is not cognizable as a matter of law.

Pursuant to Turner which cites as a district precedent Koerner (dual cases), which were held to have set forth sufficient facts to survive a failure to state a claim motion. Koerner was improperly dismissed for want of subject matter jurisdiction. As shown below failure to exhaust is not jurisdictional.  Thus, the court did have subject matter jurisdiction and the dismissal was improper.  The instant case is indistinguishable from Koerner. Therefore Koerner is precedent with respect to adequacy of the instant Complaint, resulting

---

[1] The Court did not identify the criteria upon which it used to make the decision that failure to exhaust fails as a matter of law. It appears that the courts decision was arbitrary and was made in the absence of facts to support the court's decision.

[2] Therefore Mastern, Turner, Keorner, Scott, etc were all improperly dismissed because the court has held that failure to exhaust is not jurisdictional and the Court failed to make a finding that failure to exhaust rises to the level of asserting a legal theory that is not cognizable as a matter of law. Therefore, dismissal pursuant to 12(b)(6) was also improper.

in a similar finding.

Rule 12(b)(6) requires that if there is even one fact that remains unsettled a Rule 12(b)(6) motion fails. Thus if even one of the factual allegations contained in plaintiff's complaint remain unsettled then a 12(b)(6) motion must fail.

Two decisions of the 9th circuit court of appeals are pertinent in their teachings and applicability here. <u>Huff v United States</u>, 10 F. 3d 1440 (9th Cir. 1993) and <u>Mulvania v U.S.</u> 214 BR (9th Cir 1997). Each of these 9th Cir decisions make it clear that in order to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting taxpayer a summary record of assessment (form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax.

Although plaintiff(s) has/have made demand upon the Commissioner these documents have not been issued to plaintiff(s).

Plaintiff(s) emphasize to the Court that the decision in <u>Huff</u> and <u>Mulvania</u> (supra) also make it abundantly clear that when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement. Absent an assessment, **NO TAX EXISTS**. <u>Rosenman v. Commissioner</u>, 323 US 658 (1945) (a tax does not exist absent an assessment). Thus, even though the court may find that the plaintiff(s) may have failed to exhaust administrative remedies, administrative remedies is only one of the factual issues raised in plaintiff's complaint upon which the court may decide. As set forth above when the

Robert J Welzel v United States
(Government) No. 1:06-cv-00838

Page 3 of 5

RESPONSE TO MOTION TO DISMISS /
MOTION FOR SUMMARY JUDGMENT
ALTERNATIVE MOTION TO BIFURCATE

question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement.

If, as the defendant asserts, "Plaintiff's case is one of more than 70 known cases filed in this Court with identical or nearly identical complaints, <u>Mastrerson</u>, <u>Turner</u> and <u>Koerner</u> being among those "identical or nearly identical" cases, then pursuant to <u>Koerner</u> failure to state a claim is settled in that plaintiff's complaint sets forth sufficient facts to survive a failure to state a claim motion.

## EXHAUSTION REQUIREMENT

Plaintiffs have filed an administrative claim with Internal Revenue Service, Area 8, Area Director, Nashville, 801 Broadway, MDP1, Nashville, TN 37203. Again counsel's argument is frivolous and without merit.

### Service

The record shows that once again counsel misleads, mischaracterizes, and misreperents the record. The record shows that both summones were signed by Michele Welzel. A person that is not a party to this action and is of legal age to serve process. Again counsel's argument is frivolous and without merit.

For the above reasons plaintiff(s) request(s) the Court treat the defendants' motion to vacate as an untimely Motion for Summary Judgement and Summary judgment, if appropriate, should be entered in plaintiff's favor.

Respectfully,

Dated _August 15_, 2006

Robert J Welzel v United States
(Government) No. 1:06-cv-00838

Page 4 of 5

RESPONSE TO MOTION TO DISMISS /
MOTION FOR SUMMARY JUDGMENT
ALTERNATIVE MOTION TO BIFURCATE

_[signature]_
Robert J Welzel
114 W Graycrest Ave.
Collierville, TN 38017

_[signature]_
Lisa L Welzel
114 W Graycrest Ave.
Collierville, TN 38017

On the above inscribed date before the undersigned, a Notary Public for the State of Tennessee, personally appeared, Robert J Welzel, Lisa L Welzel known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her/their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.

_[signature: Mary Thompson]_
Notary, State of Tennessee
My Commission Expires
July 28, 2009

_[Notary Seal: MARY A. THOMPSON, STATE OF TENNESSEE NOTARY PUBLIC, COUNTY OF SHELBY]_

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on:

Pat S. Genis
Ben Franklin Station
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated _August 15_, 2006

_[signature]_
Robert J Welzel

Robert J Welzel v United States
(Government) No. 1:06-cv-00838

Page 5 of 5

RESPONSE TO MOTION TO DISMISS /
MOTION FOR SUMMARY JUDGMENT
ALTERNATIVE MOTION TO BIFURCATE