UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT WELZEL and<br>LISA WELZEL,<br><br>      Plaintiffs,<br><br>      v.<br><br>UNITED STATES,<br><br>      Defendant. | Civil Action No. 06-838 (RBW) |

## ORDER

The plaintiffs, Robert and Lisa Welzel, bring this action alleging that the United States Internal Revenue Service ("IRS") "recklessly, intentionally or by reason of negligence[,] disregarded and continue to disregard provisions of [the Internal Revenue Code ("IRC"),] Title 26 of the United States Code[,] and the regulations promulgated thereunder." Complaint ("Compl.") ¶ 1. Currently before the Court is the government's motion to vacate the entry of a default and its motion to dismiss this case because, inter alia, (1) the plaintiffs failed to properly serve the United States with a summons and complaint and (2) the Court lacks subject-matter jurisdiction over the plaintiffs' claims because they failed to exhaust their administrative remedies before bringing this lawsuit.[1] Motion to Vacate Entry of Default and Motion to

---

[1] On February 28, 2007, the plaintiffs filed a motion requesting leave to file a supplement to their opposition to the defendants' Motion to Vacate Entry of Default and Motion to Dismiss. Dkt. No. 12. The Court grants the plaintiffs' motion. Therefore, the plaintiffs' supplement to their opposition to the defendants' Motion to Vacate Entry of Default and Motion to Dismiss that was attached to their motion for leave to file is deemed filed with this Court and resolved by this Order.

Dismiss ("Def.'s Mot.") at 4-5.

On July 13, 2006, the Clerk of Court entered a default against the government after the plaintiff filed a request for entry of default on the ground that the government failed to plead or otherwise defend this action though duly served by the plaintiffs on May 10, 2006, with a summons and a copy of the complaint. Clerk's Entry of Default July 13, 2006. In opposition, the government responds that entry of the default should be vacated because the plaintiffs failed to properly serve the United Sates by having a party personally execute the service. Def's. Mot. at 4.

Rule 55(c) of the Federal Rules of Civil Procedure allows a court to set aside entry of a default if good cause is established. Fed.R.Civ.P. 55(c); see also Harris v. District of Columbia, 159 F.R.D. 315 (D.D.C. 1995). The decision of whether to set aside a default is committed to the sound discretion of the Court and must be exercised with the appreciation that "strong policies favor[ ] the resolution of genuine disputes on their merits . . . ." Capital Yacht v. Vessel Aviva, 228 F.R.D. 389, 393 (D.D.C. 2005) (quoting Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980); see Keegel v. Key West & Carribean Trading Co., 627 F.2d 372, 373 D.C. Cir. 1980). The court's discretion requires consideration of three factors: (1) whether the default was willful, (2) whether a set-aside would prejudice the plaintiff, and (3) whether the alleged defense was meritorious. See Whelan v. Abell, 48 F.3d 1247, 1259 (D.C. Cir. 1995); Capital Yacht, 228 F.R.D. at 393; see also Flynn v. Pulaski Const. Co., Inc., No. Civ. A. 02-02336, 2006 WL 47304, *7 (D.D.C. Jan. 6, 2006); Baade v. Price, 175 F.R.D. 403, 405-06 (D.D.C. 1997). The District of Columbia Circuit also advises that when balancing these three factors the Court must construe all ambiguous and disputed facts in the light most favorable to the moving party. Jackson, 636

F.2d at 836.

Here, the parties disagree as to whether the plaintiff Robert Welzel served the summons on the Attorney General and the United States Attorney for the District of Columbia. Def.'s Mot. at 4; Pls' Opp'n. at 4. The plaintiffs assert that Michael Welzel, a nonparty, served the summons and complaint. Pls' Opp'n. at 4. Although the affidavit confirming service reflects that an individual name beginning with the initial M executed the affidavit of service, it is not clear who served the summons because an email attached to the summons regarding FedEx shipment tracking information indicates that Robert Welzel was the shipper. Dkt. Nos. 2,3. Since the Court is left with doubt as to who conducted service of process, it resolves such dispute in favor of the government.  See Capital Yacht, 228 F.R.D. at 393 (quoting Jackson, 636 F.2d at 836). Accordingly, the record does not support a finding that the government willfully failed to prosecute this matter. Further, the plaintiffs would not be prejudiced if the default is set aside. "[D]elay in and of itself does not constitute prejudice [.]" Capital Yacht, 228 F.R.D. at 393 (quoting KPS & Assoc., Inc. V. Designs By FMC, Inc., 318 F.3d 1, 15 (1st Cir. 2003)). In addition, the government's alleged defenses in this matter are meritorious, and "[t]he movant is not required to prove a defense, but only to assert a defense that it may prove at trial." Whelan v. Abell, 48 F.3d 1247, 1259 (D.C. Cir. 1995); see also Keegel, 627 F.2d at 374 (stating that "[l]ikelihood of success is not the measure. Defendants' allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense.") (citation omitted). Applying this test, the Court finds that the default entered by the Clerk of Court must be vacated. The Court now turns to the government's motion to dismiss.

Although the parties are not identical, the plaintiffs' complaint in this case is virtually

identical to the one this Court dismissed in Lindsey v. United States, 448 F. Supp. 2d. 37 (D.D.C. 2006).[2] As in Lindsey, "[t]he complaint here . . . provides no particularized facts pertaining specifically to the plaintiffs in this case," consisting instead "predominantly of argument and restatement of putatively pertinent legal standards." Id. at 41; see Compl. ¶¶ 12, 1-18. And, "even the few passages in the complaint which purport to describe facts that support the plaintiffs' positions merely offer boilerplate recitations of the factual showings required to satisfy the various statutory provisions relied upon by the plaintiffs." Lindsey, 448 F. Supp. 2d. at 42; see Compl. ¶¶ 7, 23-24. Furthermore, the plaintiffs' filings submitted in response to the government's motion to dismiss, and thus the Court's analysis of the relevant legal issues before it here, are likewise identical to those in Lindsey. Compare Response to Motion to Dismiss, Welzel, Civ. No. 06-838, Dkt. No. 10 (May 5, 2006) ("Pls.' Opp."), Plaintiffs' Supplement to Response to Vacate, Welzel, Civ. No. 06-838, Dkt. No. 12 (February 28, 2007), with Response to Motion to Dismiss, Lindsey, Civ. No. 05-1761, Dkt. No. 13 (April 18, 2006). In the instant action, the government requests that this Court dismiss the plaintiffs' complaint on the grounds of improper service of process and this Court's lack of subject-matter jurisdiction over the plaintiffs' claims because they failed to exhaust their administrative remedies before bringing this lawsuit. Def's. Mot. at 4. However, as held in Lindsey, dismissing the plaintiffs' complaint for insufficient service of process under Federal Rule of Civil Procedure 4(c)(2) would be improper. 448 F.Supp.2d at 47-48. However, it is abundantly clear, as it was in Lindsey, that

---

[2] This case and Lindsey are two of a large number of identical taxpayer lawsuits filed by putatively pro se litigants in this Court. See Lindsey, 448 F. Supp. 2d. at 42, n3 (citing cases); Gross v. United States, Civ. No. 05-1818 (JR), 2006 WL 2787838, *1 (D.D.C. Sept. 26, 2006) (observing that "dozens of apparently coordinated (or, if not coordinated, perhaps blog-inspired) pro se complaints [have been] recently filed in this [C]ourt") (citations omitted).

(1) the plaintiffs' request for declaratory relief [3] is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201 (2000); see Lindsey, 448 F. Supp. 2d. at 49, 57-58, and (2) the plaintiffs failed to exhaust their administrative remedies with respect to their claims alleging a tax refund, 26 U.S.C. § 7422 (2000), and for damages, 26 U.S.C. § 7433 (2000); see Lindsey, 448 F. Supp. 2d at 60-61, before they initiated this action. Accordingly, for the reasons stated in Lindsey, 448 F. Supp. 2d. 37, it is hereby

**ORDERED** that the default entered by the Clerk of the Court in this matter is **VACATED**. It is further

**ORDERED** that the government's motion to dismiss is **GRANTED.** The plaintiffs' claims for declaratory relief, a tax refund, and damages are therefore dismissed with prejudice.

**SO ORDERED** this 30th day of March, 2007.

/s/_____
REGGIE B. WALTON
United States District Judge

---

[3] It appears that the plaintiffs are seeking declaratory relief. (See Compl. ¶ 29).