IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. WELZEL and<br>LISA L. WELZEL , ) )<br>   ) <br>Plaintiffs,  )<br>   )<br>v.  ) <br>   )<br>UNITED STATES,  )<br>   )<br>Defendant.  ) | No. 1:06cv838-RBW |

## UNITED STATES' SECOND MOTION TO DISMISS COMPLAINT

The United States moves the Court to dismiss plaintiffs' complaint on the ground that plaintiffs have failed to state a claim for damages.

A memorandum of points and authorities and a proposed order are submitted with this memorandum.

DATE: July 29, 2008.        Respectfully submitted,

　　　　　　　　　　　　　　　　　　　 /s/ Pat S. Genis
　　　　　　　　　　　　　　　　　　　PAT S. GENIS, #446244
　　　　　　　　　　　　　　　　　　　Trial Attorney, Tax Division
　　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　Post Office Box 227
　　　　　　　　　　　　　　　　　　　Washington, DC  20044
　　　　　　　　　　　　　　　　　　　Tel./FAX:  (202) 307-6390/614-6866
　　　　　　　　　　　　　　　　　　　Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2644096.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. WELZEL and<br>LISA L. WELZEL, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant. ) | No. 1:06cv838-RBW |

**MEMORANDUM IN SUPPORT OF UNITED STATES'
THIRD MOTION TO DISMISS COMPLAINT**

This is a civil action in which plaintiffs allege that the Internal Revenue Service disregarded various statutes.

QUESTION PRESENTED

Plaintiffs' complaint consists of generalized allegations without factual support and allegations of non-collection activities. Should this Court dismiss plaintiffs' complaint for failure to state a claim?

STATEMENT

1. <u>Introduction & background & prior dismissal of complaint</u>.  Plaintiffs, Robert J. & Lisa L. Welzel, filed this complaint on May 5, 2006.  (Dkt. #1.)  The United States filed a motion to dismiss the complaint and to vacate the Clerk's entry of default on July 27, 2006.  (Dkt. #7.)  On March 30, 2007, the Court granted the United States' motion.  (Dkt. #13.)  The Court held that this case was "virtually identical" to the one it dismissed in *Lindsey v. United States*, 448 F.Supp.,2d 37 (D.D.C. 2006), and dismissed

plaintiffs' claims for the reasons stated in *Lindsey*. (Op. 4-5.) Specifically, the Court held that plaintiffs' request for declaratory relief is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201, and plaintiffs failed to exhaust their administrative remedies with respect to their tax refund and damages claims. (Op. 5.)

2. Case reopened. On June 6, 2007, plaintiffs filed a motion for relief from the order of dismissal, and an amended motion on October 18, 2007. (Dkt. #14 & 16.) On March 28, 2008, the Court denied plaintiffs' motion for relief as moot, and granted, in part, their amended motion for relief. (Dkt. #17.) The Court ordered that its March 30, 2007 order be vacated in part, and that plaintiffs' claims for damages under 26 U.S.C. § 7433 be reinstated. (Order 2.) The order stated that the Court would issue a memorandum opinion at a later date.

3. Relief sought and allegations in the complaint. Plaintiffs' complaint seeks three kinds of relief: 1) a determination that the Internal Revenue Service disregarded various statutes and regulations; 2) damages in accordance with section 7433 and other damages as are just and proper; and 3) an order for the Internal Revenue Service to "amend the reprehensible, egregious, and vexations behavior." (Compl. ¶¶ 29, 30.)1/

---

1/ Plaintiffs did not request a tax refund in their prayer for relief, but count 10 of their complaint alleges that the Internal Revenue Service failed to "return taxes" to them, an allegation that the United States construes as a refund claim. The Court has already ruled that it does not have subject-matter jurisdiction over plaintiffs' complaint to the extent it seeks declaratory and injunctive relief or a tax refund. Therefore, the only issue here is plaintiffs' claims for damages under section 7433 for alleged unauthorized collection of taxes.

Plaintiffs allege that "[b]eginning with 'tax year' 1999 and including the present year," the Internal Revenue Service "disregarded" various statute and regulations. (Compl. ¶ 1.) Plaintiffs' allegations are set forth in counts 1 through 25. (Compl. 5-14.) 2/ In each allegation, plaintiffs make no factual allegations, but merely restate the

---

2/ Plaintiffs' complaint alleges 25 specific acts which they claim "disregarded" the provisions of the Internal Revenue Code indicated in parenthesis below:

1. failed to answer plaintiffs' correspondence (26 C.F.R. § 601-702(c));
2. failed to respond to plaintiffs' request for documentation;
3. improperly disclosed confidential income tax information(26 U.S.C. § 6103(a));
4. failed to make an assessment of taxes and penalties (26 U.S.C. § 6201(a));
5. failed to make an assessment within the time required (26 U.S.C. § 6202);
6. failed to assess taxes within 3 years (26 U.S.C. § 6501(a));
7. failed to record an assessment (26 U.S.C. § 6203);
8. failed to furnish plaintiffs with copies of forms 23C, records of assessment (26 U.S.C. § 6203);
9. attempted to collect sums greater than assessed (26 U.S.C. § 7214(a));
10. failed to return taxes to plaintiffs (26 U.S.C. § 6402);
11. failed to send plaintiffs a 90-day notice of deficiency (26 U.S.C. § 6212);
12. failed to notify plaintiffs of the last day to petition the Tax Court (26 U.S.C. § 6213(a));
13. failed to notify plaintiffs that notices of lien were filed (26 U.S.C. § 6320);
14. filed an invalid and unlawful notice of tax lien (26 U.S.C. § 6321);
15. failed to release liens (26 U.S.C. § 6325);
16. failed to suspend interest and penalties (26 U.S.C. § 6404(g));
17. failed to include necessary information in notices of lien (26 U.S.C. § 6751(a));
18. failed to verify that a supervisor approved penalty determinations (26 U.S.C. § 6751(b)(1);
19. refused to produce evidence of penalties and additions (26 U.S.C. § 7491(c);
20. conducted a "presumed financial status audit" (26 U.S.C. § 7602(a));
21. refused to prove items of income (26 U.S.C. § 7491(b));
22. failed to send plaintiffs a demand for payment before levy (26 U.S.C. § 6331(a))
23. failed to send plaintiffs a 30-day notice (26 U.S.C. § 6331(d)(1)(2);
24. abrogated plaintiffs right to an installment agreement (26 U.S.C. § 6159);
25. failed to comply with the Federal Records Act, 44 U.S.C. § 3101, the National Archives Act (44 U.S.C. § 3106) and federal regulations at 36 C.F.R. Part 1222.

statutory language and assert that the Internal Revenue Service failed to implement the statutes and regulations. The other paragraphs in plaintiffs' complaint state background, jurisdiction and a statement of facts (compl. ¶¶ 1-13) and legal arguments and conclusions (compl. ¶¶1-28 on pages 15-26) and requested remedies (¶¶29-30).

## ARGUMENT

## PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER 26 U.S.C. § 7433

1. <u>Plaintiffs' *non-collection* allegations are not cognizable under section 7433</u>. All but five of plaintiffs' allegations relate to *non-collection* activities, and thus, are not cognizable under section 7433. Section 7433 authorizes damages for wrongful *collection* activities only. *See, e.g., Buaiz v. United States*, 471 F.Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United Sates' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases); *Arnett v. United States*, 889 F.Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of section 7433); *Sylvester v. United States*, 978 F.Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed section 6672 liability was an error in assessment and not collection and therefore irrelevant to section 7433 claim); *Zolman v. IRS*, 87 F.Supp.2d 763 (W.D. Mich. 1999) (assertion of improper assessment of tax liability is insufficient for section 7433 claim).

In this case, plaintiffs allege that the Internal Revenue Service 1) failed to answer and respond to correspondence and requests (counts 1, 2); 2) improperly disclosed

confidential tax information (count 3); 3) failed to follow assessment procedures (counts 4-8; 4) attempted to collect more taxes than assessed (counts 9; 5) failed to refund taxes (count 10); 6) violated record-keeping and procedural requirements (counts 11-12, 17-21, 24); 7) failed to suspend interest and penalties and to provide evidence about them (count 16); and 8) failed to comply with the Federal Records Act, he National Archives Act and 36 C.F.R. Part 1222.3/  All of these claims allege *non-collection* activities; none is cognizable under section 7433.  Because plaintiffs have failed to state a claim for damages under section 7433 for these *non-collection* claims, the Court should dismiss plaintiffs' complaint with respect to such claims.

    2. <u>Plaintiffs' complaint is legally insufficient under Fed.R.Civ.P. 8</u>.  Of the remaining five allegations, which arguably involve collection activities, all must be dismissed because they are too conclusory to satisfy the notice pleading standards of Fed.R.Civ.P. 8(a).  Rule 8(a) states that a complaint need only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).  But, the complaint must give "fair notice of the basis for . . . claims and the grounds upon which they rest."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002).

    In this case, plaintiffs assert that "beginning with 'tax year' 1989", the Internal Revenue Service failed to implement various statutes.  Specifically, plaintiffs allege that

---

    3/ Section 7433 is the ***exclusive*** remedy for damages involving the collection of federal taxes.  *See Shane v. United States*, 2008 WL 101739 *2 n4  (D.D.C. 2008), citing *Stephens v. United States*, 514 F.Supp.2d 70, 74 n.3 (D.D.C. 2007).   Therefore, plaintiff has no right to relief under the Federal Records Act, the National Archives Act or any other federal statute.  *Id*.

2644096.1                                                              5

the Internal Revenue Service failed to notify them of notices of liens filed; filed an invalid lien, failed to release liens, failed to demand payment before levy, and failed to send a 30-day notice before levy (counts 13-15, 22-23).  These allegations are general and nonspecific and merely "parrot the language" of the statutes.  *See Spahr v. United States*, 501 F.Supp.2d 92, 97 (D.D.C. 2007).  Plaintiffs provide no facts whatsoever: they do not indicate in what specific year each act or omission allegedly occurred, nor the kind of tax at issue, nor any other specifics from which the Court could determine that any act or omission violated any code provision.

For example, plaintiffs provide no facts about the allegedly invalid and illegal lien.  They do not indicate the date of the lien, nor the tax year and type, nor the amount of the taxes.  They provide no facts whatsoever from which the Court could infer that if a lien was in fact created, and that it was somehow invalid or illegal as plaintiffs contend.  (*See* compl. count 14).  Nor have plaintiffs stated any facts to support their allegation that the Internal Revenue Service refused to release such lien when requested to do so in writing.  (*See* count 15.)

Plaintiffs' complaint is completely devoid of any factual assertions, and thus, fails to provide either notice of the basis of their claims or the grounds upon which they rest.  In none of their allegations have plaintiffs provided any information whatsoever to demonstrate their right to relief.  Thus, this court should conclude that plaintiffs have not, in fact or law, stated a claim.  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

CONCLUSION

Plaintiffs have failed to state a claim upon which relief can be granted with respect to their damages claim. For the reasons stated above, this Court should dismiss plaintiffs' complaint.

DATE: July 29, 2008.                    Respectfully submitted,

                                         /s/ Pat S. Genis
                                        PAT S. GENIS, #446244
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 227
                                        Washington, DC  20044
                                        Tel./FAX:  (202) 307-6390/614-6866
                                        Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the UNITED STATES' SECOND MOTION TO DISMISS COMPLAINT and proposed ORDER were served upon plaintiffs *pro se* on July 29, 2008, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> Robert J. Welzel
> Lisa L. Welzel
> *Plaintiffs pro se*
> 114 W. Graycrest Avenue
> Collierville, TN 38017

> /s/ Pat S. Genis
> PAT S. GENIS, #446244