# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————— )
)
ROBERT WELZEL and )
LISA WELZEL, )
)
      Plaintiffs, )
)
)
      v. )     Civil Action No. 06-838 (RBW)
)
)
UNITED STATES, )
)
      Defendant. )
———————————————————— )

## MEMORANDUM OPINION

      On May 5, 2006, the plaintiffs, Robert and Lisa Welzel, brought this action alleging that the United States Internal Revenue Service ("IRS") "recklessly, intentionally or by reason of negligence[,] disregarded and continue to disregard provisions of [the Internal Revenue Code ("IRC"),] Title 26 of the United States Code[,] and the regulations promulgated thereunder." Complaint ("Compl.") ¶ 1. Subsequently, on March 30, 2007, the Court vacated the Clerk of Court's entry of default against the defendant that was entered on July 13, 2006. The defendant requested that the entry of default be vacated because the plaintiffs failed to properly serve the United States by having a party personally execute the service. Motion to Vacate Entry of Default and Motion to Dismiss at 4. The Court determined that, "[s]ince [it]is left with doubt as to who conducted service of process, it [must] resolve such dispute in favor of the government." Order of March 30, 2007 at 3. The Court further found that (1) "the plaintiffs would not be

1

prejudiced if the default is set aside," id. and (2) "the government's alleged defenses in this

matter are meritorious, [because] '[t]he movant is not required to prove a defense, but only to

assert a defense that it may prove at trial,'" id. In addition, the Court held that "as it was in

Lindsey [v. United States, 448 F.Supp.2d 37 (D.D.C. 2006) [1]], that (1) the plaintiffs' request for

declaratory relief [2] is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201 (2000); see

Lindsey, 448 F. Supp. 2d. at 49, 57-58, and (2) the plaintiffs failed to exhaust their administrative

remedies with respect to their claims alleging a tax refund, 26 U.S.C. § 7422 (2000), and for

damages, 26 U.S.C. § 7433 (2000); see Lindsey, 448 F. Supp. 2d at 60-61, before they initiated

this action."[3] Order of March 30, 2007 at 4-5. Accordingly, the Court dismissed the plaintiffs'

claims for declaratory relief, a tax refund, and damages for the reasons stated in Lindsey, 448

F.Supp. 2d 37. Order of March 30, 2007.

        Currently before the Court is the plaintiffs' Amended Motion for Relief From Order of

Dismissal Under Federal Rule of Civil Procedure 60(b)(3) and (6).[4] The plaintiffs seek relief

---

        [1] This case and Lindsey are two of a large number of identical taxpayer lawsuits filed by
putatively pro se litigants in this Court. See Lindsey, 448 F. Supp. 2d. at 42, n3 (citing cases); Gross v.
United States, Civ. No. 05-1818 (JR), 2006 WL 2787838, *1 (D.D.C. Sept. 26, 2006) (observing that
"dozens of apparently coordinated (or, if not coordinated, perhaps blog-inspired) pro se complaints [have
been] recently filed in this [C]ourt") (citations omitted).

        [2] It appears that the plaintiffs are seeking declaratory relief. (See Compl. ¶ 29).

        [3] Order of March 30, 2007, n. 2 (noting that this case and Lindsey are two of a large number of
identical taxpayer lawsuits filed by putatively pro se litigants in this Court.)

        [4] The plaintiffs have filed a Motion for Leave to Amend their Motion for Relief from Order of
Dismissal Under Federal Rule of Civil Procedure 60(b)(3) and (6). The plaintiffs request leave to amend
their original motion for relief because they "have discovered official documents of the Treasury
Department, published by the Office of the Federal Register, strongly suggesting that the regulation so
long-used by the defendant to thwart damages actions [,on the basis of purported failure to exhaust
administrative remedies,] under TBOR I, II, and III, failed to comply with the Administrative Procedure
Act, a Congressional Mandate, and failed to comply with the Treasury Department's procedural
requirements for promulgation of substantive regulations, i.e. regulations having the force and effect of

from the Court's Order of March 30, 2007 dismissing the plaintiffs' actions on the grounds that

as a result of the "Supreme Court's change in the interpretation of nonjurisdictional exhaustion

requirement [in <u>Jones v. Block</u>, --- U.S. ---, 127 S.Ct. 910 (2007)] . . . [the] [p]laintiffs were not

required to 'demonstrate that they filed an administrative claim for damages . . . . '"Amended

Memorandum in Support of Motion for Relief from Order of Dismissal Under Federal Rules of

Civil Procedure 60(b)(3) and (6) ("Amended Mem. for Relief") at 4.  Specifically, the plaintiffs

assert that relief is warranted under Rule 60(b)(6) because the Court erred in concluding that it

lacked jurisdiction over their claims, Amended Mem. for Relief. at 2.  They further assert that

relief is warranted under Rule 60(b)(3) because the defendant "perpetrated a fraud upon the

Court[ ] through [its] misrepresentation of fact, law, and legal precedent to obtain" a favorable

ruling from the Court.  Amended Mem. for Relief at 1. The defendant has not filed a timely

---

law, and in fact . . .  law [that] imposes no administrative requirements upon damaged [p]laintiffs, and
affords no substantive administrative remedies capable of exhaustion."  Motion for Leave to Amend
Motion for Relief From Order of Dismissal Under Federal Rule of Civil Procedure 60(b)(3) and (6).
Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of
course prior to being served with a responsive pleading. Fed.R.Civ.P. 15(a). Thereafter, "a party may
amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court
should freely give leave when justice so requires." <u>Id.</u>; <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). The
grant or denial of leave to amend is committed to the sound discretion of the district court. <u>See Firestone
v. Firestone</u>, 76 F.3d 1205, 1208 (D.C.Cir.1996). The court must, however, heed Rule 15's mandate that
leave is to be "freely given when justice so requires." <u>Id.</u>; <u>Caribbean Broad. Sys., Ltd. v. Cable &
Wireless PLC</u>, 148 F.3d 1080, 1083 (D.C.Cir.1998). Indeed, "[i]f the underlying facts or circumstances
relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test
his claim on the merits." <u>Foman</u>, 371 U.S. at 182. "Although the grant or denial of leave to amend is
committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there
is sufficient reason, such as 'undue delay, bad faith or dilatory motive . . . repeated failure to cure
deficiencies by [previous] amendments . . . [or] futility of amendment.' " <u>Firestone</u>, 76 F.3d at 1208
(quoting <u>Foman,</u> 371 U.S. at 182); <u>see also</u> <u>Caribbean Broad. Sys.,</u> 148 F.3d at 1084.  Here, there are no
reasons that would support a denial of the plaintiffs' motion for leave to amend their motion for relief
from order or dismissal under federal rule of civil procedure 60(b)(3) and (6).  Accordingly, the
plaintiffs' motion for leave to amend is granted and their Motion for Relief from Order of Dismissal
Under Federal Rules of Civil Procedure 60(b)(3) and (6) ("Amended Motion for Relief from Order") is
deemed filed.

response to the plaintiffs' motion.  For the reasons set forth below, the plaintiffs' motion must be denied in part and granted in part.

"Rule 60(b) provides that '[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding' " for one or more of six discrete reasons set out in separate sub-parts of the rule. Murray v. District of Columbia, 52 F.3d 353, 355 (D.C.Cir.1995) (quoting Fed.R.Civ.P. 60(b)). The plaintiffs invoke two of these sub-provisions as support for the relief that they are seeking: Rule 60(b)(3), which "permits a court to relieve a party from a final judgment because of 'fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party,' " Summers v. Howard Univ., 374 F.3d 1188, 1192 (D.C. Cir. 2004) (quoting Fed.R.Civ.P. 60(b)(3)), and Rule 60(b)(6), under which a court "may grant relief from a judgment for 'any . . . reason justifying [such] relief.' " Sieverding v. Am. Bar Ass'n, 466 F.Supp.2d 224, 227 (D.D.C. 2006) (quoting Fed.R.Civ.P. 60(b)(6)).

The plaintiffs' Rule 60(b)(3) challenge is easily rejected. By their own admission, the plaintiffs' assertions of "fraud" are based solely on the allegedly erroneous legal arguments for dismissal articulated by the defendant in its motion to dismiss. See Amended Mem. for Relief at 5, 12-13, 16.  But "the assertion[s] of . . . legal position [s] . . . are not what Rule 60(b)(3) means by 'fraud . . . or misstatement.' " Roger Edwards, LLC v. Fiddes & Son Ltd., 427 F.3d 129, 137 (1st Cir. 2005) (quoting Fed.R.Civ.P. 60(b)(3)). Moreover, because the plaintiffs were always "free to consult the law books and . . . assert the contrary" proposition to the defendant's allegedly fraudulent legal arguments, id., they cannot show that the defendant's alleged misrepresentations of precedent "prevented [them] from fully and fairly presenting [their] case,"

4

one of the usual requirements for relief under Rule 60(b)(3). Sieverding, 466 F.Supp.2d at 227

(internal quotation and citation omitted); see also Brown v. Samper, Civil Action No. 05-

1086(RMU), slip op. at 4, 2008 WL 116403, at *2 (D.D.C. Jan. 14, 2008) (same), Richardson v.

Nat'l R.R. Passenger Corp., 150 F.R.D. 1, 7 (D.D.C.1993) (same).

The plaintiffs' assertions of error in the Court's memorandum opinion with regard to the

availability of declaratory or injunctive relief against the defendant are also baseless. As the

Court explained in its prior memorandum opinion while relying on Lindsey, "the plaintiffs'

request for declaratory relief is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201

(2000)." Order of March 30, 2007 at 5.  Relying on Lindsey, the Court reached this conclusion

because  "[w]hile [the Declaratory Judgment Act] empowers a federal court '[i]n a case of actual

controversy within its jurisdiction . . . [to] declare the rights and other legal relations of any

interested party seeking such declaration,' . . . that section expressly excludes from its scope

'[f]ederal taxes other than actions brought under section 7428 of the [IRC].'"  448 F.Supp.2d at

49, 57-58.   Further, "the Court lacks the power to grant the injunctive relief [that] the plaintiffs

seek" because "[n]one of the statutory exceptions delineated in [the Anti-Injunction Act] is

applicable here," id. at 58, and the plaintiffs have not "me[t] their burden of showing that [the

equitable exception to the Anti-Injunction Act set forth in Enochs v. Williams Packing &

Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962),] applies," id. at 59. Although

the plaintiffs do address these conclusions in their Amended Motion For Relief From Order Of

Dismissal under federal rules of civil procedure 60(b)(3) and (6), the plaintiffs appear to

misunderstand the Court's ruling with respect to their request for injunctive relief, as their sole

argument in favor of reconsideration is that "[a]t least three of the Anti-Injunction Act's

exceptions apply to allegations contained [within their c]omplaint." Amended Mem. for Relief.
at 16. Relying on its holding in Lindsey, the Court recognize that "the plaintiffs' complaint does
make reference to three of the statutes" excepted from the Anti-Injunction Act's reach, but finds
that the plaintiffs' request was properly dismissed because the plaintiffs have not offered, in
either their complaint or in their responses to the defendant's motion to dismiss,  any factual
basis whatsoever to support these conclusory statements. See Lindsey, 448 F.Supp.2d at 58 n. 13.
The plaintiffs do nothing to remedy this defect in their motion for relief.

However, the Court does find the plaintiffs' arguments for reconsideration persuasive in
one respect. As the plaintiffs correctly note, the Supreme Court recently held in Jones, --- U.S. ---
-, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), that the "failure to exhaust [administrative] remedies is
no basis for dismissal [under Federal Rule of Civil Procedure 12(b)(6) ], but is, rather, an
affirmative defense." Amended Mem. for Relief at 2-4; see also Jones, --- U.S. at ----, 127 S.Ct.
at 920-21 (holding that an exhaustion defense cannot be "subsumed" within the larger rubric of
the defense of "failure to state a claim" under Rule 12(b)(6) because "[w]hether a particular
ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on
whether the allegations in the complaint suffice to establish that ground, not on the nature of the
ground in the abstract"). Indeed, this Court reached this precise conclusion in a recent
memorandum opinion involving the defendant's motion to dismiss a taxpayer's suit for damages
under § 7433. See Shane v. United States, Civil Action No. 07-577(RBW), slip op. at 12-14,
2008 WL 101739, at **6-7 (D.D.C. Jan. 9, 2008) (Walton, J.) (holding that under Jones,
"exhaustion of administrative remedies is not an element of the plaintiff's claim under § 7433,"
but rather is an affirmative defense that the plaintiff need not plead around in his complaint).

6

In reaching its conclusion in <u>Shane</u> that a plaintiff's complaint could not be dismissed under Rule 12(b)(6) for failure to plead exhaustion of administrative remedies, the Court explicitly rejected its earlier holding in this case that the plaintiffs' claims under § 7433 had to be dismissed for failure to state a claim because the plaintiffs "'d[id] not contest that they did not exhaust the administrative remedies promulgated in 26 C.F.R. § 301.7433-1.'" <u>Shane</u>, slip op. at 13-14, 2008 WL 101739, at *7 (quoting <u>Lindsey</u>, 448 F.Supp.2d at 61). Instead, the Court held that "a plaintiff's complaint [could not] be dismissed under Rule 12(b)(6) merely because that plaintiff failed to allege that he exhausted his administrative remedies in his opposition to a motion to dismiss any more than it could be dismissed because the plaintiff failed to make those allegations in the complaint itself." <u>Id.</u> at *14, 2008 WL 101739, at *7. The Court therefore denied the defendant's request for dismissal of the plaintiff's amended complaint for failure to plead exhaustion of administrative remedies. <u>Id.</u>, 2008 WL 101739, at *7.

In light of the Supreme Court's ruling in <u>Jones</u>, which brought about this Court's rejection of its ruling in <u>Shane</u>, the plaintiffs' motion for reconsideration must be granted with respect to the Court's dismissal of the plaintiffs' claim for damages under § 7433. As the Court noted in <u>Shane</u>, the defendant may renew its exhaustion defense by filing a motion for summary judgment under Federal Rule of Civil Procedure 56. <u>Id.</u>, 2008 WL 101739, at *7. Alternatively, the defendant may wish to file a motion to dismiss for failure to state a claim based on the absence of sufficient factual specificity in the plaintiffs' complaint. <u>See</u> Order of March 30, 2007 at 4, (noting that the plaintiffs' complaint "provides no particularized facts pertaining specifically to the plaintiffs in this case," but instead consists "predominately of argument and restatement of putatively pertinent legal standards"). As for this member of the Court, at least, dismissal of a

7

plaintiff's complaint for damages under § 7433 for failure to plead around applicable statutory exhaustion requirements, whether requested under Rule 12(b)(1) or Rule 12(b)(6), is simply not a viable option in light of the Supreme Court's ruling in <u>Jones</u>.

For the reasons set forth above, the plaintiffs' Motion for Leave to Amend Motion for Relief from Order of Dismissal Under Federal Rules of Civil Procedure 60(b)(3), 60(b)(6) is granted, their Amended Motion for Relief from Order of Dismissal Under Federal Rules of Civil Procedure 60(b)(3), 60(b)(6) and Amended Memorandum in Support of Motion for Relief from Order of Dismissal Under Federal Rules of Civil Procedure 60(b)(3), 60(b)(6) are deemed filed, their Motion for Relief from Order of Dismissal Under Federal Rules of Civil Procedure 60(b)(6) is denied as moot, their Amended Motion for Relief from Order of Dismissal Under Federal Rules of Civil Procedure 60(b)(3), 60(b)(6) is granted in part and denied in part, the Court's order entered on March 30, 2007, is vacated in part, and that the plaintiffs' claims for damages pursuant to 26 U.S.C. § 7433 (2000) are reinstated.

**SO ORDERED**.

/s/_____
REGGIE B. WALTON
United States District Judge